John E. Mitchell, SBT # 00797095
Rosa A. Shirley, SBT # 24056313
**BAKER & McKENZIE LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
Tel:  (214) 978-3000
Fax: (214) 978-3099
Email:  john.mitchell@bakermckenzie.com
Email:  rosa.shirley@bakermckenzie.com

**PROPOSED ATTORNEYS FOR THE DEBTORS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| IN RE: § § § § **BUFFET PARTNERS, L.P., et al.** § § **DEBTORS.**[1] § § § | **CASE NO. 14-30699-11** **CHAPTER 11** **(Joint Administration Requested)** |

**DEBTORS' EMERGENCY [FIRST] MOTION TO REJECT UNEXPIRED
LEASES OF NON-RESIDENTIAL REAL PROPERTY AND
RELATED EQUIPMENT LEASES PURSUANT TO 11 U.S.C. § 365
*NUNC PRO TUNC* TO THE PETITION DATE**

The Debtors, by and through their undersigned counsel, hereby file this motion (the "Motion") for entry of an order pursuant section 365 of the Bankruptcy Code, seeking to reject the eight (8) non-residential real property leases and four (4) related equipment leases set forth below and more fully described in **Exhibit A** attached hereto (the "Real Property Leases and Related Equipment Leases"), *nunc pro tunc* to the Petition Date:

---

[1] The Debtors in these chapter 11 cases are Buffet Partners, L.P. and Buffet G.P., Inc.

**DEBTORS' EMERGENCY [FIRST] MOTION TO REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND RELATED EQUIPMENT LEASES PURSUANT TO 11 U.S.C. § 365 NUNC PRO TUNC TO THE PETITION DATE – Page 1**
735853-v9\DALDMS

| Lessor | Lease Type | Property Location |
|---|---|---|
| 1750 Redondo, LLC | Non-Residential Real Property | 1606 South Georgetown, Wichita, Kansas 67218 |
| Erland L. Stenberg and Mary Ann Stenberg | Non-Residential Real Property | 4900 Kipling, Wheat Ridge, Colorado 80033 |
| National Retail Properties, LP | Non-Residential Real Property | 2340 E Griggs Ave., Las Cruces, New Mexico 88001 |
| National Retail Properties, LP | Non-Residential Real Property | 51 South Pantano Road, Tucson, Arizona, 85710 |
| Rohde-Herzog Family Trust | Non-Residential Real Property | 937 N Expy Brownsville, Texas 78521 |
| Sparky-Sanders, LLC | Non-Residential Real Property | 2503 South Gregg, Big Spring, Texas 79720 |
| HOULOUNNN, LLC | Non-Residential Real Property | 21005 Interstate 45, Spring, Texas 77373 |
| Olympic Compactor Rentals, Inc. | Equipment | 21005 Interstate 45, Spring, Texas 77373 |
| SAMP 2 L.L.C. | Non-Residential Real Property | 7863 S Interstate 35, San Antonio, Texas 78224 |
| Maxus Capital Group, LLC | Equipment | 7863 S Interstate 35, San Antonio, Texas 78224 |
| All States Compactors, Inc. | Equipment | 7863 S Interstate 35, San Antonio, Texas 78224 |
| Olympic Inc. | Equipment | 8410 Hwy. 151, San Antonio, Texas 78245 |

In support thereof, the Debtors would respectfully show the Court as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Standing Order of Reference in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (O). Venue of these cases is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the relief requested with this Motion is section 365 of the Bankruptcy Code.

## II. BACKGROUND

3. On February 4, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"), thereby commencing these chapter 11 cases (the "Cases"). The Debtors' motion for joint administration of the Cases is pending. The Debtors continue in possession of their property and they are operating and managing their business as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

4. No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases, nor has a creditors' committee or other official committee been appointed pursuant to 11 U.S.C. § 1102.

## III. COMPANY HISTORY AND OVERVIEW

5. Headquartered in Plano, Texas, Buffet Partners, L.P., d/b/a Furr's Fresh Buffet ("Furr's," the "Company" or the "Debtor(s)"), is a well-recognized, value oriented restaurant chain with 29 restaurants in Arizona, Arkansas, New Mexico, Oklahoma and Texas, generating in excess of $100 million in revenue. With a rich, 65+ year operating history and strong brand awareness, Furr's operates straight-line and scatter-bar buffet units that feature a wide variety of "all-you-can-eat," "home-cooked," high quality foods served with personalized service at an affordable price ($9.00 average guest check).

6. Furr's provides a compelling price-to-value relationship which results in high average sales per restaurant, relatively low labor costs and attractive unit economic returns. The Company enjoys a unique competitive advantage through its Dynamic Foods division ("Dynamic Foods" or "Dynamic"), a fully integrated food processing, manufacturing,

warehousing and distribution operation centrally located in Lubbock, Texas, that services Furr's restaurants and a host of external customers.

7. Furr's is one of the longest-tenured and most recognized restaurant brands in the Southwest. The restaurant was founded in 1946 by Roy Furr, and expanded to approximately 60 locations as a family-owned business for over 35 years. In 1980, it was acquired by Kmart Corporation. Kmart ultimately sold Furr's in a leveraged buy-out which subsequently went public in 1986. Following a take private transaction, the Company entered a period of decline due to its debt burden, culminating in a restructuring and reorganization under chapter 11 in 2003 in Dallas, Texas (In re Cafeteria Operators, L.P., Case No. 03-30179-HDH-11, Bankr. N.D. Tex).

8. Recognizing the strength of the brand, attractive restaurant locations and vertically integrated food processing capabilities, Buffet Partners, L.P. was formed to purchase Furr's in September of 2003. Under Buffet Partners' ownership, management systematically shifted the business to the Furr's Fresh Buffet (scatter-bar) concept while closing underperforming straight-line units. Furr's hired CEO Barry Barron in May, 2013, a seasoned restaurant industry veteran, to oversee the next phase of the Company's growth. Additionally, Furr's has a highly experienced and committed management team with over 160 years of combined restaurant experience and an average of 14 years with Furr's.

### Operations and Financial Performance

9. Today, the Company operates 29 restaurants, of which 12 are scatter-bar concepts and 17 are straight-line concepts, in five states throughout the Southwest. All restaurants are Company owned, and all are assets of Buffet Partners, L.P., including Dynamic Foods. Restaurants are supported by Dynamic Foods, a captive, vertically integrated food processing

and distribution operation. Approximately 2080 persons are employed at the restaurants, 200 are employed by Dynamic Foods, and approximately 20 persons are employed at the corporate headquarters in Plano, Texas.

10. Furr's continues to strategically convert its restaurant portfolio to the Furr's Fresh Buffet (scatter-bar) concept that generates over $4 million in average annual unit volume, and higher profit per store. Additionally, Dynamic's sales have nearly doubled since 2009, and with capacity utilization only near 50%, Dynamic and the Company have substantial upside growth opportunities, to service both an increased number of Furr's units as well as external customers.

11. For the year ending December 2013, Furr's total net sales for restaurant operations exceeded $100 million. Dynamic's total net sales for the same period exceeded $59 million, with over $14 million from external customers. Furr's serviced almost 11 million guests in 2013, with an unadjusted EBITDA for 2013 of $2.7 million. In 2012 the Company's EBITDA approximated $5.8 million and guest count approximated 12.8 million. Reduction in sales, EBITDA and guest count are attributed in part to the closure of several stores.

## Assets, Liabilities, & Capital Structure

12. Furr's assets consist primarily of the 29 operating restaurants, each leased from multiple different landlords, and the real estate, personal property, vehicles, and other assets at the Lubbock, Texas, Dynamic Foods facility, and the Plano corporate headquarters. Furr's liabilities consist primarily of $39 million in senior, secured debts of Chatham Capital Partners ("<u>Chatham</u>"), and its affiliated funds, as well as approximately $4 million in trade payables to miscellaneous vendors, suppliers and other parties, and undetermined liabilities to landlords of closed store locations. All of Furr's assets, to include its cash, are pledged to Chatham on a senior, secured basis. Upon belief, the value of the Company's assets, whether valued in a

liquidation or as a going concern, are materially below the aggregate amount of the Chatham debt.

## Reasons for Filing Chapter 11

13. Furr's has weathered the macro-economic storm that began in 2008, but the credit constraints resulting from the financial crisis impacted the Company's ability to finance growth and improvements in process, and subjected the Debtors to higher interest and leasing rates. Further, commodity and transportation prices increased, and the recessionary climate limited the Company's ability to raise prices to cover increasing costs, and impacted guest counts. Certain locations began to suffer and the Company became increasingly undercapitalized. One of the most successful cash flow locations was lost in an eminent domain proceeding, and a major competitor began direct attacks on the Company. Specific locations subject to these factors began to lose money. The Company did not act to close stores quickly while assessing losses and duration of the recession, wanting to preserve jobs, investment and store locations. The economic climate and onerous lease terms however could not sustain continued operation of stores producing losses, and these stores were closed.

14. Furr's has begun implementation of a footprint rationalization strategy to streamline its restaurant portfolio and focus on its strongest locations, while maintaining strong revenue of $113 million for the year ending 2013. In implementing this strategy, net store closures of 16 units in the last three years resulted in a decrease in revenues of approximately $19.6 million. The decline was offset partially by new, high revenue Furr's Fresh Buffet units and strong external sales at Dynamic. While gross margin remained flat at around 60%, EBITDA decreased approximately $3.0 million from $5.8 million to $2.7 million in 2013 due

primarily to the effect of the store closures, a drop in guest count of almost 2 million, increased G&A expense, deferred maintenance, and continuing economic uncertainty.

15. Overall liquidity was impacted by capital spending on new stores in support of expansion of the scatter-line buffet concept and needed maintenance that had been deferred on older stores. In December the Texas market suffered an ice storm and unusually cold weather, causing a significant loss in guest count and hundreds of thousands of dollars in lost profit. This was detrimental to already tenuous liquidity, and with no available line of credit, the Debtor was unable to continue to weather the financial storm, eventually leading to the chapter 11 filing.

16. Under the leadership of Barry Barron, new operating initiatives and cost saving programs are positively impacting sales and operating profits at the restaurants. The Company is developing and implementing strategies to buy more efficiently, and improve credit and terms with its vendor base. Dynamic Foods external sales continue to be strong and the business is actively pursuing several opportunities with new customers.

17. On December 31, 2013, the Company decided to retain Bridgepoint Consulting, LLC ("Bridgepoint") as financial advisor, to assist the Company with cash management, restructuring analysis and other similar financial advisory services. While Bridgepoint's expertise in these areas greatly improved the Company's cash management, the ongoing liabilities of the Company were deemed unsustainable with the current diminished cash flow and lack of vendor credit. Accordingly, on February 4, 2014, the Company commenced these proceedings to afford it an opportunity to restructure its affairs.

18. Furr's believes that the core, operating business is sustainable and will be successful over the long term, so long as it has the ability to restructure its balance sheet and de-lever the Company.

**Need to Close Certain Locations and Reject Related Equipment Leases**

19.  Unfortunately, certain store locations subject to the Real Property Leases were not profitable.  In some instances, rent and lease terms were too onerous and could not be renegotiated to an amount those locations could sustain.  In other cases, direct competition or macro-economic circumstances that impacted the Debtors' customer base caused certain locations to become unprofitable.  The Debtors were unable to attract the necessary volume of business to sustain and justify continued operations at restaurant locations subject to the Real Property Leases and Related Equipment Leases, and made the determination to close those locations to mitigate losses.  As operations have ceased, it is appropriate for the Debtors to reject the Real Property Leases, and reject the Related Equipment Leases.[2] Continuation of the leases would cause the Debtors to incur expenses for which their estates would receive no value.  Therefore, rejection of the Real Property Leases and Related Equipment Leases is necessary.

20.  Specifically, the Real Property Leases and Related Equipment Leases set forth in Exhibit A hereto must be rejected as the Debtors determined pre-petition, in their business judgment, to close the restaurants associated with the Real Property Leases and terminate the equipment leases associated with the Related Equipment Leases.  The restaurants were all closed immediately prior to the Petition Date, the premises surrendered to the respective landlords, and the equipment surrendered to the respective lessors.  Accordingly, relief *nunc pro tunc* to the Petition Date is warranted.

---

[2] The Debtor's rejection of the Related Equipment Lease, Schedule 001, incorporating by reference Master Agreement No. 1416, dated May 1, 2012, between Debtors and Maxus Capital Group, LLC, in accordance with the terms of paragraph 1, "Lease" of Mater Agreement No. 1416, shall only constitute a rejection of the separate and independent lease and contractual obligation created by Schedule 001 and shall in no way be construed to be a rejection of any other individual Schedule or the Master Agreement as a whole.

## IV. RELIEF REQUESTED

21. Through this Motion and pursuant to section 365 of the Bankruptcy Code, the Debtors seek authority to reject, *nunc pro tunc* to the Petition Date, the eight (8) unexpired non-residential Real Property Leases and four (4) Related Equipment Leases set forth in Exhibit A.

22. In the Debtors' business judgment, rejection of the Real Property Leases and Related Equipment Leases is in the best interests of the Debtors' estate and their creditors and should be authorized by this Court.

## V. BASIS FOR THE RELIEF REQUESTED

23. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. § 365(a).

24. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and, upon finding that a debtor has exercised its sound business judgment, approve the rejection under Section 365(a) of the Bankruptcy Code. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *see also Group of Inst'l Investors v. Chicago, Milwaukee, St. Paul, & Pacific R.R. Co.*, 318 U.S. 523, 550 (1943); *Official Comm. of Unsecured Creditors of Mirant Corp. v. Potomac Elec. Power Co. (In re Mirant Corp.)*, 378 F.3d 511, 524 n.5 (5th Cir. 2004) ("The rejection decision under § 365 is generally left to the business judgment of the bankruptcy estate."); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985).

25. Rejection under § 365 is generally intended to enable the debtor to relieve itself and the bankruptcy estate from burdensome and unprofitable contracts in order to preserve and maximize the value of the bankruptcy estate. *Stewart Title Guar. Co. v. Old Republic Nat'l Ins.*

*Co.*, 83 F.3d 735, 741 (5th Cir. 1996) ("[Section 365] allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." (quoting *In re Murexco Petroleum, Inc.*, 15 F.3d 60,62 (5th Cir. 1994)); *In re Mirant Corp.*, 303 B.R. 319, 330-31 (Bankr. N.D. Tex. 2003) ("There is substantial authority for the proposition that section 365 was intended to allow a trustee or debtor in possession to eliminate burdensome, unprofitable contracts and preserve for the estate's benefit valuable agreements.").

26.     In addition, many courts have authorized rejection retroactively to a date prior to the entry of the order authorizing such rejection. *See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos*, 485 F.3d. 602 (2d Cir. 2007) (affirming the bankruptcy court's equitable authority to authorize the retroactive rejection of a nonresidential lease of real property where advance notice is provided); *In re Thinking Mach. Corp. v. Mellon Fin. Servs.*, 67 F.3d 1021, 1028 (1st Cir. 1995) (approving retroactive orders of rejection where the balance of equities favors such relief).

27.     In these cases, the Debtors respectfully request that the Court enter an order rejecting the Real Property Leases and Related Equipment Leases set forth in Exhibit A effective as of the Petition Date. The locations were unprofitable, and the Debtors no longer have any ongoing operations at the leased premises under the Real Property Leases, are no longer in use of the related equipment, and thus cannot continue to service the obligations under the Real Property Leases and Related Equipment Leases. Possession of each premises and the related equipment was surrendered to the applicable lessor during the weeks leading up to or immediately prior to the Petition Date, as more fully reflected on the attached Exhibit A.

28.     Accordingly, in an exercise of their business judgment, the Debtors have determined and respectfully submit that rejecting the Real Property Leases and Related Equipment Leases listed in Exhibit A is in the best interests of the Debtors' estates, their

creditors and all parties-in-interest in these bankruptcy cases. Furthermore, the Debtors submit that their decision to reject the Real Property Leases and Related Equipment Leases is a critical component of the reorganization of the Debtors' overall business, represents an exercise of the Debtors' sound business judgment, and is in the best interests of the Debtors' estate and creditors.

29. Federal Rule of Bankruptcy Procedure 6006(f) sets forth the applicable requirements for omnibus motions to reject unexpired leases or executory contracts:

> (f) Omnibus Motions. A motion to reject … multiple executory contracts or unexpired leases that are not between the same parties shall:
>
> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
>
> (2) list parties alphabetically and identify the corresponding contract or lease;
>
> (3) specify the terms, including the curing of defaults, for each requested assumption or assignment;
>
> (4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;
>
> (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
>
> (6) be limited to no more than 100 executory contracts or unexpired leases.

FED. R. BANKR. P. 6006(f).

30. As is clearly set forth herein and in the attached Exhibit A, the Debtors submit that the Motion satisfies the requirements set forth in Bankruptcy Rule 6006(f).

31. The Debtors' determination to reject the Real Property Leases and Related Equipment Leases is based upon valid business justifications, as the Real Property Leases and Related Equipment Leases will not be necessary to the Debtors' operations and will not provide revenue. The Debtors therefore seek to reject the Real Property Leases and Related Equipment Leases effective as of the Petition Date. Rejection will minimize rejection damage claims and any administrative claims that may be asserted by the non-Debtor party to the Real Property Leases and Related Equipment Leases.

32. Pursuant to section 365(g)(1) of the Bankruptcy Code, the rejection of an executory contract or unexpired lease of the Debtors constitutes a breach of such contract, if such contract has not been assumed, immediately before the filing date. Therefore, any claim by the non-Debtor parties arising from the rejection of any Real Property Leases or the Related Equipment Leases shall be deemed to constitute a prepetition claim against the Debtor.

## VI. **NOTICE**

33. Bankruptcy Rules 6006 and 9014 generally require that any proceeding to assume, reject or assign an executory contract or unexpired lease be made only upon motion and on notice to the other party to the contract, the committee appointed under the Code and any other party-in-interest.

34. Notice of this Motion has been given to the Office of the United States Trustee for the Northern District of Texas, the non-Debtor party to each of the Real Property Leases and Related Equipment Leases pursuant to the terms of the Real Property Leases and Related Equipment Leases (via overnight delivery service, fax and / or email, to the addresses reflected on Exhibit A), the parties on the Debtors' proposed Master Service List, and other parties-in-interest who have requested notice.

## VII. CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, (i) granting this Motion; (ii) approving the Debtors' rejection of the Real Property Leases and Related Equipment Leases as described herein, and (iii) granting the Debtors such other and further relief as this Court deems just.

DATED:  February 4, 2014    Respectfully submitted,
        Dallas, Texas

BAKER & McKENZIE LLP

By:  */s/ John E. Mitchell*
John E. Mitchell, SBT # 00797095
Rosa A. Shirley, SBT #24056313
Trammell Crow Center
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
Tel: (214) 978-3000
Fax: (214) 978-3099
Emails: john.mitchell@bakermckenzie.com
       rosa.shirley@bakermckenzie.com

PROPOSED ATTORNEYS FOR THE DEBTORS

## CERTIFICATE OF SERVICE

This is to certify that on February 4, 2014, a copy of the foregoing document was served on the parties registered to receive electronic notification via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, and on those parties listed via the methods indicated on the Debtors' proposed Master Service List.

In addition, the foregoing document was served on those parties identified via overnight mail / courier and email / fax to the addresses set forth in the attached **Exhibit A**.

*/s/ Rosa A. Shirley*
Rosa A. Shirley

**EXHIBIT A**

| Store No. | Lessor | Lease Type | Property Location | Notice Address, Facsimile and Email | Contract Date | Surrender Date | Rejection Date |
|---|---|---|---|---|---|---|---|
| 273 | 1750 Redondo, LLC | Non-Residential Real Property | 1606 South Georgetown, Wichita, Kansas 67218 | c/o Don McMillin<br>170 Argonne Avenue<br>Long Beach, CA 90803<br>don@dmproperties.net<br><br>Ed Sybesma<br>Rutan & Tucker, LLP<br>611 Anton Blvd., Suite 1400<br>Costa Mesa, CA 92626<br><br>Sovereign Buffet, LLC, c/o 777 California Avenue, Palo Alto, CA 94304<br><br>Standard Insurance Company<br>Attn: Mortgage Loan Servicing T3A<br>19225 NW Tanasbourne Drive<br>Hillsboro, OR 97124 | December 3, 2004 | January 15, 2014 | February 4, 2014 |
| 247 | Erland L. Stenberg and Mary Ann Stenberg | Non-Residential Real Property | 4900 Kipling, Wheat Ridge, Colorado 80033 | 4691 Chileno Valley Road<br>Petaluma, CA<br><br>Sovereign Buffet, LLC, c/o 777 California Avenue, Palo Alto, CA 94304<br><br>Erland L. and Mary Ann Stenberg<br>Stenberg Properties<br>4691 Chileno Valley Road<br>Petaluma, CA 94952 | December 3, 2004 | January 15, 2014 | February 4, 2014 |

| **EXHIBIT A** |
|---|

| Store No. | Lessor | Lease Type | Property Location | Notice Address, Facsimile and Email | Contract Date | Surrender Date | Rejection Date |
|---|---|---|---|---|---|---|---|
| | | | | Standard Insurance Company<br>Mortgage Loan Servicing, PSB11D<br>920 SW Sixth Avenue<br>Portland, OR  97204 | | | |
| 308 | National Retail Properties, LP | Non-Residential Real Property | 2340 E Griggs Ave., Las Cruces, NM 88001 | Commercial Net Lease Realty, LP<br>450 South Orange Avenue, Suite 900<br>Orlando, Florida 32801<br>Attn:  Vice President – Asset Management<br><br>Commercial Net Lease Realty, Inc.<br>450 South Orange Avenue, Suite 900<br>Orlando, Florida  32801<br>Attn:  General Counsel<br><br>National Retail Properties, LP<br>450 South Orange Avenue, Suite 900<br>Orlando, FL  32801<br>Attn:  Vice President – Asset Management<br>Tel:  800-666-7348<br>Contact:  Mark Opferman, Sr. Property Manager<br><br>National Retail Properties, LP<br>450 South Orange Avenue, Suite 900<br>Orland, FL  32801<br>Attn:  General Counsel | January 30, 2006 | February 3, 2014 | February 4, 2014 |
| 309 | National Retail | Non- | 51 South Pantano | Commercial Net Lease Realty, LP | July 10, | February | February |

| | | | | **EXHIBIT A** | | | |
|---|---|---|---|---|---|---|---|
| **Store No.** | **Lessor** | **Lease Type** | **Property Location** | **Notice Address, Facsimile and Email** | **Contract Date** | **Surrender Date** | **Rejection Date** |
| | Properties, LP | Residential Real Property | Road, Tucson, Arizona, 85710 | 450 South Orange Avenue, Suite 900 Orlando, Florida 32801 Attn: Vice President – Asset Management<br><br>Commercial Net Lease Realty, Inc. 450 South Orange Avenue, Suite 900 Orlando, Florida 32801 Attn: General Counsel<br><br>National Retail Properties, LP 450 South Orange Avenue, Suite 900 Orlando, FL 32801 Attn: Vice President – Asset Management Tel: 800-666-7348 Contact: Mark Opferman, Sr. Property Manager<br><br>National Retail Properties, LP 450 South Orange Avenue, Suite 900 Orland, FL 32801 Attn: General Counsel | 2006 | 3, 2014 | 4, 2014 |
| 221 | Rohde-Herzog Family Trust | Non-Residential Real Property | 937 N. Expressway Brownsville, TX 78521 | Sovereign Buffet, LLC, c/o 777 California Avenue, Palo Alto, CA 94304<br><br>Rohde-Herzog Family Trust of 1999 Contact: Stephen F. Rohde, Esq. 1801 Century Park East, Suite 2400 Los Angeles, CA 90067 | December 3, 2004 | February 3, 2014 | February 4, 2014 |

**DEBTORS' EMERGENCY [FIRST] MOTION TO REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND RELATED EQUIPMENT LEASES PURSUANT TO 11 U.S.C. § 365 NUNC PRO TUNC TO THE PETITION DATE – Page 16**
735853-v9\DALDMS

| | | | | **EXHIBIT A** | | | |
|---|---|---|---|---|---|---|---|
| **Store No.** | **Lessor** | **Lease Type** | **Property Location** | **Notice Address, Facsimile and Email** | **Contract Date** | **Surrender Date** | **Rejection Date** |
| | | | | 310-277-1482 (p) <br> 310-772-0405 (f) <br> rohdevictr@aol.com <br><br> Attn: Stephen F. Rohde, Esq. <br> Rohde & Victoroff <br> 1880 Century Plaza East, Suite 411 <br> Los Angeles, CA 90067 <br><br> Stanford Federal Credit Union <br> PO Box 10690 <br> Palo Alto, CA 94303-0843 <br> Tel: 650-723-3445 <br> Fax: 650-856-7604 | | | |
| 271 | Sparky-Sanders, LLC | Non-Residential Real Property | 2503 South Gregg, Big Spring, Texas 79720 | State National Bank <br> 1500 Gregg Street <br> Big Spring, TX 79720 <br> Attn: Lisa Barber <br> Acct. No. 2008100901 <br><br> Sovereign Buffet, LLC, c/o 777 California Avenue, Palo Alto, CA 94304 <br><br> Sparky Sanders LLC <br> Attn: Joe Purdy <br> PO Box 7004 <br> (2728 Ocotillo Avenue) <br> Santa Maria, CA 93456 | December 3, 2004 | January 27, 2014 | February 4, 2014 |

**DEBTORS' EMERGENCY [FIRST] MOTION TO REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND RELATED EQUIPMENT LEASES PURSUANT TO 11 U.S.C. § 365 NUNC PRO TUNC TO THE PETITION DATE – Page 17**
735853-v9\DALDMS

| | **EXHIBIT A** | | | | | | |
|---|---|---|---|---|---|---|---|
| **Store No.** | **Lessor** | **Lease Type** | **Property Location** | **Notice Address, Facsimile and Email** | **Contract Date** | **Surrender Date** | **Rejection Date** |
| | | | | Tel: 805-720-7556<br>purdyphd@swbell.net<br><br>State National Bank<br>1500 Gregg Street<br>Big Spring, TX 79720 | | | |
| 316 | HOULOUNNN, LLC | Non-Residential Real Property | 21005 Interstate 45, Spring TX 77373 | c/o Hermansen Land Development, Inc.<br>5944 Luther Lane, Suite 725<br>Dallas, Texas 75225<br>Attn: Kirk M. Hermansen<br><br>Tel: 214.373.4202<br>Fax: 214.373.0737 | November 12, 2010 | January 13, 2014 | February 4, 2014 |
| 316 | Olympic Compactor Rentals, Inc. | Equipment | 21005 Interstate 45, Spring TX 77373 | Olympic Compactor Rentals, Inc.<br>P.O. Box 800336<br>Houston, TX 77280-0338<br><br>Olympic Compactor Rentals, Inc.<br>P.O. Box 17087<br>Fountain Hills, AZ 85269-7087<br><br>Olympic Compactor Rentals, Inc.<br>P.O. Box 55287<br>Houston, TX 77255-5267<br><br>Tel: 800-722-5371 | April 27, 2011 | January 13, 2014 | February 4, 2014 |

**DEBTORS' EMERGENCY [FIRST] MOTION TO REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND RELATED EQUIPMENT LEASES PURSUANT TO 11 U.S.C. § 365 NUNC PRO TUNC TO THE PETITION DATE – Page 18**
735853-v9\DALDMS

| | | | | **EXHIBIT A** | | | |
|---|---|---|---|---|---|---|---|
| **Store No.** | **Lessor** | **Lease Type** | **Property Location** | **Notice Address, Facsimile and Email** | **Contract Date** | **Surrender Date** | **Rejection Date** |
| 317 | SAMP 2 L.L.C. | Non-Residential Real Property | 7863 S Interstate 35, San Antonio, TX 78224 | SANZARNN, LLC<br>c/o Hermansen Land Development, Inc.<br>5944 Luther Lane, Suite 725<br>Dallas, Texas 75225<br>Attn: Kirk M. Hermansen:<br>Tel: 214.373.4202<br>Fax: 214.373.0737<br>Kirk@hermansenlanddevelopment.com<br><br>Jackson Walker L.L.P.<br>901 Main Street, Suite 6000<br>Dallas, Texas 75202<br>Attn: Bryan C. Birkeland<br><br>SAMP 2, L.L.C.<br>Ashvin Patel<br>1604 Chasewood Drive<br>Austin, TX 78727<br>Cell: 512-731-1791<br><br>William Sterling, Jr.<br>9951 Anderson Mill Road, Suite 200<br>Austin, TX 78750<br>(512) 335-4400<br>billsterling@wsrlaw.com<br><br>Jim Krebs<br>Texas International Real Estate<br>2934 Donnell Drive<br>Round Rock, TX 78664<br>jkrebs@austin.rr.com<br>Tel: 512-388-5035<br>Fax: 512-899-2211 | December 16, 2010 | January 13, 2014 | February 4, 2014 |

| | | | | **EXHIBIT A** | | | |
|---|---|---|---|---|---|---|---|
| **Store No.** | **Lessor** | **Lease Type** | **Property Location** | **Notice Address, Facsimile and Email** | **Contract Date** | **Surrender Date** | **Rejection Date** |
| 317 | Maxus Capital Group, LLC | Equipment | 7863 S Interstate 35, San Antonio, TX 78224 | Maxus Capital Group, LLC<br>c/o Denis J. Demier<br>Senior Vice President and General Counsel<br>Corporate Headquarters<br>31300 Bainbridge Road<br>Cleveland, OH 44139<br>Tel: 440-519-2400<br>Fax: 440-519-2401 | May 1, 2012 | January 13, 2014 | February 4, 2014 |
| 317 | All States Compactors, Inc. | Equipment | 7863 S Interstate 35, San Antonio, TX 78224 | All States Compactors, Inc.<br>P.O. Box 93717<br>Las Vegas, NV 89193<br><br>Tel: 800-276-0744 | May 1, 2012 | January 13, 2014 | February 4, 2014 |
| 318 | Olympic Inc. | Equipment | 8410 Highway 151, San Antonio, TX 78245 | Olympic Inc.<br>P.O. Box 96383<br>Las Vegas, NV 89193<br><br>Tel: 800-722-5371 | January 24, 2012 | February 4, 2014 | February 4, 2014 |