

**U.S. BANKRUPTCY COURT**

**NORTHERN DISTRICT OF TEXAS**

**ENTERED**

**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 5, 2014**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 14-30699-11 |
| BUFFET PARTNERS, L.P., et al. § | |
| § | CHAPTER 11 |
| DEBTORS.[1] § | |
| § | (Joint Administration Requested) |
| § | |

### ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, COMMISSIONS, REIMBURSABLE EMPLOYEE EXPENSES AND BENEFITS IN THE ORDINARY COURSE OF BUSINESS

On February 5, 2014, the Court considered the Emergency Motion to Authorize Payment of Prepetition Wages, Salaries, Commissions, Reimbursable Employee Expenses and Benefits in the Ordinary Course of Business [Docket No. 5] (the "Motion")[2] filed by the above-referenced debtors (the "Debtors"). The Court finds that adequate notice of the Motion has been given and no other notice needs to be given and that certain relief requested in the Motion is essential to the

---

[1] The Debtors in these chapter 11 cases are Buffet Partners, L.P. and Buffet G.P., Inc.
[2] Capitalized terms not defined herein shall have the meaning given to them in the Motion.

continued operation of the Debtors' business and is in the best interest of the Debtors' estate and creditors. The Court further finds that the Debtors will suffer immediate and irreparable harm if the Court denies the relief sought in the Motion. Therefore, it is

**ORDERED** that the Motion is **GRANTED**. It is further

**ORDERED** that the Debtors are authorized, but not directed, to pay the Employee Claims and to continue all Employee Programs, and all payments made by the Debtors in connection therewith are hereby approved and ratified. It is further

**ORDERED** that the Debtors are hereby authorized, but not directed, to honor and pay all prepetition employee payroll obligations related to its February 4 & February 11, 2014 payroll. It is further

**ORDERED** that the Debtors are hereby authorized, but not directed, to pay all employee-related taxes. It is further

**ORDERED** that the Debtors are hereby authorized, but not directed, to honor all employee reimbursements with respect to prepetition business-related expenses incurred, in the manner consistent with the Debtors' prepetition practices and policies. It is further

**ORDERED** that the Debtors are hereby authorized, but not directed, to continue all Employee Programs, including, but not limited to all medical, dental, life and disability insurance, 401(k) investment programs and workers' compensation programs, to the extent such policies, programs, practices and procedures were in effect at the commencement of this Case; provided, however, the relief granted herein shall not constitute or be deemed an assumption or authorization to assume any of such policies or programs pursuant to Bankruptcy Code § 365. It is further

**ORDERED** that, to the extent of funds on deposit and unless otherwise advised by the Debtors, the banks and financial institutions at which the Debtors maintain accounts are directed to receive, process, honor and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors relating to the Employee Claims whether such checks were presented or funds transfer requests were submitted prior to, or subsequent to, the Petition Date.  It is further

**ORDERED** that the Debtors are hereby authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests with respect to its Employee Claims dishonored or denied as a consequence of the commencement of this Case.  It is further

**ORDERED** that nothing in this Order provides for retention bonuses under Bankruptcy Code § 503(c).  It is further

**ORDERED** that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of, or the basis for, any claims against the Debtors in connection with or relating to the claims addressed by this Order.

All relief not expressly granted in this order is denied.

# # # END OF ORDER # # #

Prepared and submitted by:

*/s/ John E. Mitchell*
John E. Mitchell, SBT # 00797095
Rosa A. Shirley, SBT #24056313
**BAKER & McKENZIE LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
Tel:  (214) 978-3000
Fax:  (214) 978-3099
Emails:  john.mitchell@bakermckenzie.com
          rosa.shirley@bakermckenzie.com

PROPOSED ATTORNEYS FOR THE DEBTORS