John E. Mitchell, SBT # 00797095
Rosa A. Shirley, SBT # 24056313
**BAKER & McKENZIE LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
Tel: (214) 978-3000
Fax: (214) 978-3099
Email: john.mitchell@bakermckenzie.com
rosa.shirley@bakermckenzie.com

**PROPOSED ATTORNEYS FOR THE DEBTORS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § § § **BUFFET PARTNERS, L.P., et al.** § § **DEBTORS.**[1] § § § | CASE NO. 14-30699-11 CHAPTER 11 Jointly Administered |

**APPLICATION TO EMPLOY AND RETAIN BRIDGEPOINT
CONSULTING LLC PURSUANT TO 11 U.S.C. § 327(a) TO PROVIDE FINANCIAL
<u>ADVISORY AND RESTRUCTURING SERVICES TO THE DEBTOR</u>S**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OR THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON MARCH 3, 2014, WHICH IS AT LEAST 23 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE DEBTORS PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE**

---

[1] The Debtors in these chapter 11 cases are Buffet Partners, L.P. and Buffet G.P., Inc.

**IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF A RESPONSE IS FILED, A HEARING WILL BE CONDUCTED ON THE RELIEF REQUESTED HEREIN ON MARCH 4, 2014 AT 10:00 A.M. (PREVAILING CENTRAL TIME) BEFORE THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE FOR THE NORTHERN DISTRICT OF TEXAS, 1100 COMMERCE STREET, COURTROOM 3, 14TH FLOOR, DALLAS, TEXAS 75242-1496.**

BUFFET PARTNERS, L.P., et al., the above-referenced debtors and debtors in possession (the "Debtors") file this Application pursuant to 11 U.S.C. § 327(a) to Employ Bridgepoint Consulting, LLC ("Bridgepoint") to Provide Financial Advisory and Restructuring Services to the Debtors (the "Application"). In support of the Application, the Debtors submit the Affidavit of Dawn Ragan (the "Ragan Affidavit"), a copy of which is attached hereto as **Exhibit A** and is incorporated herein by reference.

## I.
## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## Background

2. On February 4, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"), thereby commencing these chapter 11 cases (the "Cases"). The Debtors continue in possession of their property and they are operating and managing their business as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

2

## III.
## Relief Requested

3. The Debtors seek entry of an order authorizing it to employ and retain Bridgepoint to act as its financial and restructuring advisor in the bankruptcy case.

4. Bankruptcy Code § 327(a) provides, "the trustee … may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." That provision is made applicable to the Debtor by virtue of Bankruptcy Code § 1107(a), which grants a Debtor all rights and powers of a trustee.

5. The Debtor has chosen Bridgepoint because of Bridgepoint's extensive experience and knowledge and excellent reputation in restructurings and strategic advice. Bridgepoint began working with the Debtors as its financial advisor prior to the filing of the petition, and has developed a great deal of knowledge regarding the Debtors' affairs. The Debtors believe that Bridgepoint possesses the requisite resources and is both highly qualified and uniquely able to act as the Debtors financial and restructuring advisor in this case going forward.

## IV.
## Scope of Representation

6. The Debtors wish to retain and employ Bridgepoint in these Cases, under the terms and conditions more fully set forth below, to provide assistance to the Debtors and the Debtors' other professionals in connection with the reorganization and Chapter 11 proceeding. The services to be rendered by Bridgepoint include, but are not limited to:

    A.    Assist the Debtors with their chapter 11 filing;

    B.    Work with the Debtors to complete schedules and the Statement of Financial Affairs ("SOFA"), and the Monthly Operating Reports ("MOR's")

3

        required by the Office of the United States Trustee;

C.    Assist management and counsel with preparation for hearings, testimony, creditors meetings, and creation of supporting exhibits and motions needed during pendency of the case;

D.    Assist the Debtors with exploring DIP financing, if necessary;

E.    Review of financial information pertaining to the Debtors' assets, liabilities, cash flows and financial statements;

F.    Assist the Debtors and counsel with managing certain vendor issues, including regarding establishment of PACA and critical vendor status, where appropriate; and

G.    Perform such other services as may be agreed upon between the parties.

7.    The compensation arrangement for Bridgepoint, subject to court approval, includes the following terms:

A.    Bridgepoint received a $20,000.00 retainer prepetition, a portion of which will be applied towards any unpaid prepetition fees, and the balance will remain on account.

B.    Bridgepoint received $$22,129.00 in fees and expenses for services rendered prior to the bankruptcy filing. Bridgepoint's engagement prepetition began on December 31, 2013, and was subject to a payment cap through January 31, 2014 of $5000/week or $25,000 cumulatively.

C.    Bridgepoint's retention post-petition is based on its customary hourly rates as follows:

| Role | Rate |
|---|---|
| Principals/Managing Directors | $300 - $395 |
| Senior Managers | $275 - $295 |
| Consultants | $150 - $275 |
| Support Staff | $60 - $80 |

D.    Dawn Ragan will be the engagement manager, and her hourly rate is $375. Out of town travel time, if any, will be paid at half of the normal hourly rate.

E.    Notwithstanding the foregoing, Bridgepoint has agreed to a payment cap of $125,000 for the period from the filing date through April 30, 2014 (the

"Cap"), and will not be subject to the Cap thereafter should the case be continuing. In the event scope and circumstances change beyond what is currently contemplated, and Bridgepoint is required to perform substantively more services, Bridgepoint reserves the right to seek adjustment to the Cap, subject to further order of this court.

F. In addition, Bridgepoint will seek reimbursement of its reasonable out-of-pocket expenses incurred in connection with this engagement including travel and lodging (if any), duplicating, computer research, messenger, and telephone charges.

G. All fees and expenses will be billed on a monthly basis, and shall be payable subject to the applicable United States Trustee Guidelines, the United States Bankruptcy Code and Federal Rules of Bankruptcy Procedure, and any order entered by this Court concerning the procedures for the compensation of professionals whose employment must be approved by the Bankruptcy Court.

H. The Debtors will indemnify Bridgepoint and hold it harmless from all claims made against it in connection with its performance of services to the Debtors, except for claims that arise as a result of Bridgepoint's gross negligence or willful misconduct.

8. Bridgepoint's compensation has been negotiated by the parties with the understanding that Bridgepoint's compensation hereunder is subject to review by the Bankruptcy Court. The parties have established the compensation with the express understanding that the results achieved and the ultimate benefit to the estate of the work performed may vary and have taken this into account in negotiating the compensation.

9. Bridgepoint is being retained to act as the Debtors' financial and restructuring advisor and to assist the Debtors with the reporting and customary advisory requirements of a chapter 11 proceeding.

## V.
## Bridgepoint is Disinterested

10. Bridgepoint and certain of its partners and associates may have in the past, may presently and/or may in the future represent creditors of the Debtors in matters unrelated to this case. Bridgepoint has reviewed the list of the Debtors' 20 largest trade creditors and known secured creditors, as provided to Bridgepoint by the Debtors, and has represented to the Debtors that Bridgepoint is not currently aware of any relationship that would create a conflict of interest with the Debtors or those parties-in-interest of which the Debtors have made Bridgepoint aware. Bridgepoint has further represented to the Debtors that it will not represent, and that it has not represented, the interest of any such entities in connection with this matter.

11. To the best of the Debtors' knowledge, on information and belief, other than in connection with this case, Bridgepoint has no connection with the Debtors, their creditors, parties in interest or affiliates, or attorneys or special advisors for any of them, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth herein and in the Ragan Affidavit attached hereto as **Exhibit A**.

12. Based upon the Ragan Affidavit and the Debtors' knowledge of the Cases thus far, Bridgepoint does not represent or hold any interest adverse to the Debtors, its estates, creditors, equity security holders, or affiliates in the matter upon which Bridgepoint is to be engaged, and is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

WHEREFORE, the Debtors respectfully request that the Court enter an Order (1) approving this Application and authorizing them to employ and retain Bridgepoint Consulting, LLC to act as financial and restructuring advisor to them in these Cases, as requested in this Application, effective as of the Petition Date; and (2) granting them any other relief that is just and proper.

Dated: February 7, 2014
      Plano, Texas

Respectfully submitted,

Buffet G.P., Inc., on behalf of itself and on behalf of Buffet Partners, L.P.

By:    */s/ Barry M. Barron, Sr.*
        Barry M. Barron, Sr.
Its:  Chief Executive Officer

## CERTIFICATE OF SERVICE

    This is to certify that on February 7, 2014, a copy of the foregoing document was served on the parties registered to receive electronic notification via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, and on those parties listed via the methods indicated on the Debtors' proposed Master Service List.

        */s/ Rosa A. Shirley*
        Rosa A. Shirley