

**U.S. BANKRUPTCY COURT**

**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 10, 2014**

**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 14-30699-11 |
| BUFFET PARTNERS, L.P., et al. § | |
| § | CHAPTER 11 |
| DEBTORS.[1] § | |
| § | (Joint Administration Requested) |
| § | |

### INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 1107(a) AND 7 U.S.C. § 499a ET SEQ. TO ESTABLISH CRITICAL VENDOR AND PACA VENDOR PAYMENT PROCEDURES

Upon the motion, dated February 4, 2014 (the "<u>Motion</u>"), of Buffet Partners, L.P. and Buffet G.P., Inc. (the "<u>Debtors</u>") in the above-referenced chapter 11 cases, as debtors and debtors in possession, for authority to establish Critical Vendor and PACA Vendor Payment Procedures pursuant to 11 U.S.C. §§ 1105(a) and 1107(a) and 7 U.S.C. § 499a et seq., all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and

---

[1] The Debtors in these chapter 11 cases are Buffet Partners, L.P. and Buffet G.P., Inc.

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 1107(a) AND 7 U.S.C. § 499a ET SEQ. TO ESTABLISH CRITICAL VENDOR AND PACA VENDOR PAYMENT PROCEDURES – Page 1**
737320-v3\DALDMS

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that to the extent an entity claims a lien against property of any of the Debtors' estates to secure a Critical Vendor Claim (which lien, upon advice of counsel, the Debtors reasonably believe to be valid) and to the extent payment of such Critical Vendor Claim is, in the exercise of the Debtors' business judgment, in the best interests of their estates (to include agreeing to Customary Trade Terms as defined in the Motion), or to the extent an entity provides adequate written notice to Debtors that it intends to assert a PACA Vendor Claim (which claim, upon advice of counsel, the Debtors reasonably believe to be valid) and to the extent payment of such PACA Vendor Claim is, in the exercise of the Debtors' business judgment, in the best interests of their estates (to include agreeing to Customary Trade Terms as defined in the Motion), Debtors are authorized to pay up to 75% of such Critical Vendor Claim (with the balance agreed to be treated as an unsecured claim) or up to 100% of any (with

treatment of any balance to be negotiated) PACA Vendor Claim.  The Debtors shall file with the Court and provide to the United States Trustee for the Northern District of Texas (the "U.S. Trustee"), Chatham, and any committee approved under section 1102 of the Code (the "Creditors Committee," and, together with the U.S. Trustee, the "Notice Parties") an accounting, itemized by claims paid, of any debts so paid; and it is further

ORDERED that to the extent an entity asserts any Critical Vendor Claim, the payment of which the Debtors, upon advice of counsel, reasonably believe would be authorized under existing laws related to critical vendors and payment is in the best interests of the estates (to include agreeing to Customary Trade Terms as defined in the Motion), the Debtors may pay up to 75% of such claim (with the balance to be treated as an unsecured claim).  The Debtors shall file with the court, and provide to the Notice Parties an accounting of each such claim paid, including the bases on which payment of such claim is warranted under existing law.  Upon motion of any party in interest filed within thirty (30) days of such accounting, the Debtors (and the creditor paid) shall be required to show cause why payment of such claim should be deemed by the Court to be properly authorized.  If the Court determines that a payment was not properly authorized, the Debtors are authorized to, in their discretion and without further order of the Court, declare that provisional payments made to such Critical Vendor on account of its Critical Vendor Claim on account of its Critical Vendor Claim shall be deemed to have been in payment of then outstanding postpetition claims of such vendor without further order of the Court or action by any person or entity; and it is further

ORDERED that as a prerequisite to payment of any Critical Vendor Claim or any PACA Vendor Claim, the Debtors may require Critical Vendors or PACA Vendors to agree to transact with the Debtors postpetition on Customary Trade Terms (as defined in the Motion) for such

duration of time as agreed to by the Debtors and the particular Critical Vendor or PACA Vendor, unless otherwise agreed to by the Debtors and the particular Critical Vendor or PACA Vendor; and it is further

ORDERED that if, after receipt of payment for any Critical Vendor Claim or any PACA Vendor Claim, a Critical Vendor or PACA Vendor refuses to continue to provide goods, including Perishable Agricultural Commodities, or services upon the Customary Trade Terms as agreed to with the Debtors, then the Debtors may (i) declare that any payment made to such Critical Vendor or to such PACA Vendor on account of its prepetition claim shall be deemed to have been in payment of then outstanding postpetition claims of such Critical Vendor or such PACA Vendor without further order of the Court or action by any person or entity; (ii) require that the Critical Vendor or PACA Vendor immediately repay to the Debtors any payments made to it on account of its prepetition claim, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise; and (iii) seek redress with the Court for failure to comply with the Customary Trade Terms; and it is further

ORDERED that nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order shall impair the ability of the Debtors or appropriate party in interest to contest any claim of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims or defenses related thereto; and it is further

ORDERED that Bankruptcy Rule 6003 has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; and it is further

ORDERED that notice of the Motion as provided therein constitutes good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon entry of this Order; it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

ORDERED that all relief not expressly granted in this order is denied.

### END OF ORDER ###

Prepared and submitted by:

*/s/ John E. Mitchell*
John E. Mitchell, SBT # 00797095
Rosa A. Shirley, SBT # 24056313
**BAKER & McKENZIE LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
Tel:  (214) 978-3000
Fax:  (214) 978-3099
Emails:  john.mitchell@bakermckenzie.com
             rosa.shirley@bakermckenzie.com

PROPOSED ATTORNEYS FOR THE DEBTORS