Kevin M. Lippman (TX Bar No. 00784479)
Deborah M. Perry (TX Bar No. 24002755)
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email:   klippman@munsch.com
         dperry@munsch.com

and

Jeffrey N. Pomerantz (CA Bar No. 143717)       Bradford J. Sandler (DE Bar No. 4142)
Pachulski Stang Ziehl & Jones LLP              Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor           919 N. Market Street, 17th Floor
Los Angeles, CA 90067                          P.O. Box 8705
Telephone: (310) 277-6910                      Wilmington, DE  19899-8705 (Courier 19801)
Facsimile: (310) 201-0760                      Telephone: (302) 652-4100
Email:   jpomerantz@pszjlaw.com                Facsimile: (302) 652-4400
                                               Email: bsandler@pszjlaw.com

*[Proposed] Counsel to the Official Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 14-30699-11 |
| BUFFET PARTNERS, L.P., et al., | § | |
| | § | CHAPTER 11 |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER APPROVING INFORMATION ACCESS PROTOCOL UNDER SECTIONS 105(A), 107(B), AND 1102(B)(3)(A) OF THE BANKRUPTCY CODE

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 19, 2014 AT 2:00 PM (CT) IN COURTROOM 3, 14TH FLOOR, U.S BANKRUPTCY COURT, NORTHERN DISTRICT OF TEXAS, 1100 COMMERCE STREET, DALLAS, TEXAS 75242.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS**

**PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF FREQUESTED.**

TO THE HONORABLE HARLIN D. HALE, U.S. BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") appointed in these Cases of Buffet Partners, L.P., and Buffet G.P., Inc., the above-captioned debtors (the "Debtors"), hereby moves this Court for an order pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Committee's adoption of certain information sharing procedures pursuant to section 1102(b)(3)(A) of the Bankruptcy Code (the "Motion"). In support of the Motion, the Committee respectfully represents as follows:

**Jurisdiction and Venue**

1.       This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2.       The statutory predicates for the relief sought herein are Sections 105(a), 107(b), and 1102(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9018.

**Statement of Facts**

3.       On February 4, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas,

Dallas Division (the "Court"), thereby commencing these chapter 11 cases (the "Cases"). The Debtors continue in possession of their property and are operating and managing their business as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

4.       On February 11, 2014, the United States Trustee for Region 6 appointed the Committee to represent the interests of all unsecured creditors in these Cases pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) Houlounnn, LLC; (ii) Okeene Milling Company; (iii) PepsiCo; (iv) The Richards Group, Inc.; and (v) Valassis. The *Appointment of The Official Committee of Unsecured Creditors* was filed on February 11, 2014 [Docket No. 59].

### Relief Requested

5.       By this Motion, the Committee seeks entry of an order of the Court clarifying the requirement of the Committee to provide access to the Debtors' Confidential Information (as defined below) to any unsecured creditor in these Cases. The Committee also seeks entry of an order clarifying that the Committee is not required to provide access to Privileged Information (as defined below) to any unsecured creditor in these Cases. The procedure proposed herein will help ensure that confidential, privileged, proprietary and/or material non-public information will not be disseminated to the detriment of the Debtors' estates and will aid the Committee in performing its statutory functions.

DOCS_LA:275722.2 11633/002

**Basis for Relief**

6.      On April 20, 2005, as part of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Congress enacted section 1102(b)(3) of the Bankruptcy Code. That section states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). Section 1102(b)(3)(A) of the Bankruptcy Code does not indicate how a creditors' committee should provide "access to information" and, more importantly, does not indicate the nature, scope, or extent of the "information" that a creditors' committee must provide to creditors that it represents. Further, there appears to be no legislative history regarding section 1102(b)(3) that might shed light on these issues.

7.      The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees. Typically, a debtor will share various confidential and other non-public proprietary information with a creditors' committee (as defined in footnote 1 below, "Confidential Information").[1] Creditors' committees use this information to assess, among other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, the results of any revised operations of debtors in the bankruptcy cases,

---

[1] For purposes of this Motion, the term "Confidential Information" shall mean all non-public documents, agreements, records, reports, data, forecasts, appraisals, projections, business plans, interpretations, audit reports, and all other non-public information, written, visual or oral regardless of how transmitted, concerning the Debtors' financial condition or performance, the Debtors' business operations, including, without limitation, any and all information relating to the Debtors' suppliers and customers, the valuation of the Debtors and/or their assets, or the sale of the Debtors' assets provided to the receiving parties by the Debtors, and prepared by, or on behalf of, or furnished by, or on behalf of, the Debtors (whether or not marked confidential), or any other materials provided to the receiving parties by or on behalf of the Debtors, as well as derivations, summaries, and analyses of Confidential Information prepared by or on behalf of any of the receiving parties to the extent that Confidential Information is included, incorporated, conveyed or referenced therein.

and a debtor's overall prospects for reorganization under a chapter 11 plan. In addition, creditors' committees typically operate pursuant to written by-laws that include confidentiality provisions or enter into other similar arrangements with debtors. In these Cases, the Committee's confidentiality obligations are required under its bylaws, which are executed by each Committee member, to ensure that its members will keep the Debtors' Confidential Information confidential.

8. The enactment of section 1102(b)(3)(A) raised the issue of whether a creditors' committee could be required to share a debtor's confidential information with any creditor that the committee represents. There is certainly nothing in the statute that requires such a result, and there is nothing in the legislative history to section 1102(b)(3)(A) that even implies that a creditors' committee has such an obligation. Nonetheless, given the importance of the issue, the Committee is hereby seeking an order of the Court confirming that section 1102(b)(3)(A) of the Bankruptcy Code does not require the Committee in these Cases to provide access to the Debtors' Confidential Information to any creditor that the Committee represents.

9. The enactment of section 1102(b)(3)(A) also raised the issue of whether a creditors' committee could be required to share with any creditor that the Committee represents information subject to the attorney-client or some other state, federal, or other jurisdictional doctrine of law privilege, whether such privilege is solely controlled by the committee or is a joint privilege with the debtor or some other party (collectively, "Privileged Information"). Again, there is certainly nothing in the statute that requires such a result, and there is nothing in the legislative history to section 1102(b)(3)(A) that even implies that a creditors' committee has

5

such an obligation. Nonetheless, again, given the importance of the issue, the Committee similarly is hereby seeking clarification that the Committee is not required to provide access to Privileged Information to any creditor that the Committee represents. Of course, the Committee would be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

10. When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters… the intention of the drafters, rather that the strict language, controls." *Id*. at 242-43 (citing *Griffin v. Oceanic Contractors, Inc*., 458 U.S. 564 (1982) (internal quotation omitted)).

11. The Committee respectfully submits that section 1102(b)(3)(A) is unclear and ambiguous. The statute simply requires a creditors' committee "to provide access to information," yet sets forth no guidelines as to the type, kind and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide access to all information provided to it by a debtor, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements. *See* 17 C.F.R. §§243.100 to

243.103 (2005). Accordingly, bankruptcy courts that have considered this issue have issued orders clarifying that creditors' committees are not required to provide access to confidential or privileged information. *See, e.g.*, *In re Reddy Ice Holdings, Inc.* Case No. 12-32349-SGJ (Bankr. N.D. TX May 6, 2012); *Senior Management Services of Treemont, Inc.*, *Pilgrims Pride Corporation*, Case No. 08-45664-DML (Bankr. N.D. TX May 26, 2009); *In re Keys Fitness Products, L.P.* . Case No. 08-31790-HDH (Bankr. N.D. TX June 9, 2008); and Case No. 07-30230-HDH (Bankr. N.D. TX Feb. 16, 2007).

12. As discussed above, the legislative history does not provide any further guidance on this point and merely reiterates the language of section 1102(b)(3). *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them.").

13. Given the ability to share information through the internet or otherwise, the drafters of section 1102(b)(3) likely intended this provision to mean that a committee's constituency should have easier access to relevant public information about a debtor without the burden of retaining counsel to monitor the numerous proceedings within a bankruptcy case. Congress could not have intended for a committee to be required to provide unfettered access to every type and kind of information that a committee receives from a debtor. If this had been the intention, section 1102(b)(3) would then frustrate numerous provisions of the Bankruptcy Code,

including performance of the Committee's statutory duties as defined in section 1103(c) of the Bankruptcy Code.

14.     Furthermore, section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information."   The language of section 107(b)(1) is mandatory, not permissive.  *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request).[2]  As a result, under section 107(b)(1) and Bankruptcy Rule 9018, this Court is duty bound to protect the Debtors' and the Committee's Confidential Information and Privileged Information from disclosures to general creditors.

15.     Finally, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  The Committee submits the requested relief is necessary for the Committee to fulfill its obligations as set forth under section 1103(c) of the Bankruptcy Code.   Moreover, the requested relief is appropriate and within the Court's authority.  Indeed, courts in this district routinely grant the relief requested herein.

16.     The Committee proposes the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

---

[2] Section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information…"  Fed. R. Bankr. P. 9018.

DOCS_LA:275722.2 11633/002

a.      The Committee shall, until the earliest to occur of dissolution of the Committee, dismissal, or conversion of this chapter 11 case, and a further order of the Court, set up and maintain a website.  For the sake of efficiency and economy and ease of access by creditors, the Committee proposes to keep creditors informed as required by the statute by directing them to a website (www.pszjlaw.com/buffetpartners.html) it shall maintain with specific links for Committee reports and case information.  Further, in fulfillment of its obligation to solicit and receive comments from general unsecured creditors as set forth in subsection 1102(b)(3)(B) of the Bankruptcy Code, the Committee's website information page(s) will include contact information for the Committee's counsel, including an email address to allow unsecured creditors to send questions and comments in connection with these Cases.

b.      The Committee shall not be required to disseminate to any Entity (as defined in section 101(15) of the Bankruptcy Code):  (i) without further order of the Court, Confidential Information or (ii) Privileged Information.  The Committee shall not be required to disclose any Confidential Information it receives from the Debtors in connection with any examination pursuant to Bankruptcy Rule 2004, or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation.

c.      If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, the Committee shall as soon as practicable, but no more than twenty (20) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons for which the Committee cannot

9

comply with the Information Request. If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information or otherwise under 11 U.S.C. § 1102 (b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion filed with this Court. Such motion shall be served on the counsel for the Committee and the Debtors and the hearing on such motion shall be noticed and scheduled as required by the Local Rules for the Northern District of Texas. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's Information Request that the Committee deems to be Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review of any information specifically responsive to the Requesting Creditor's Information Request that the Committee asserts is Confidential Information or Privileged Information.

d. In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality restrictions with respect to such Confidential Information; and (b) under the particular facts, such agreement will reasonably protect the confidentiality of such Confidential Information; provided, however, that if the Committee elects

to provide access to Confidential Information on the basis of such confidentiality restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

> e. In addition, if the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "Demand") the disclosure of such Confidential Information for the benefit of the Debtors' creditors: (a) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "*Committee Information Demand*," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of any such an objection, the Committee, the Requesting Creditor (if one exists), and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand under 11 U.S.C. § 704(a)(7); and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of any such an objection, the Committee, the Requesting Creditor

11

(if one exists), such Entity, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand.

> f. The Committee will not be required to provide access to information or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

17. The foregoing procedures are necessary, narrowly tailored rules designed to protect the interests of the Debtors, the Committee and creditors. Without the benefit of the Creditor Information Protocol, the public dissemination of the Debtors' Confidential Information likely would cause serious harm to the Debtors' estates. Of course, if there were a risk that Confidential Information given by the Debtors to the Committee would have to be turned over to any creditor, the Debtors would be highly discouraged from giving Confidential Information to the Committee in the first place. In fact, the Debtors might conclude that they could not give such information to the Committee at all. The inability of the Committee to gain access to Confidential Information, in turn, could limit the ability of the Committee to fulfill its statutory obligations under the Bankruptcy Code.

18. As such, the relief sought by the Committee is not only for the benefit of the Debtors and the Committee, but for the benefit of all constituents in that it ensures the proper functioning of the chapter 11 process. Further, the Committee needs the benefit of the relief sought in this Motion to ensure that it does not breach the confidentiality provisions in its Bylaws or any confidentiality agreement with the Debtors. The Committee cannot be put in a position of

either violating the statute or breaching a confidentiality agreement and thereby subjecting itself to suit by the Debtors and potentially other parties.

19.     Finally, the risk to the Committee of having to provide its constituency with access to Privileged Information creates obvious and serious problems. If the Committee believes that there could be a risk that Privileged Information would need to be turned over to such creditors, with the possible loss of the relevant privilege at that time, the entire purpose of such privilege would be eviscerated, and both the Debtors and the Committee would likely be unable to obtain the independent and unfettered advice and consultation that such privileges are designed to foster. Indeed, unless it is made clear that the risk of dissemination of Privileged Information does not exist, the estate representation structure envisioned by the Bankruptcy Code would become immediately dysfunctional.

20.     The disclosure of nonpublic or privileged information to creditors will not foster a reorganization of the Debtors but will likely cause serious harm to the Debtors' estates. Therefore, pursuant to sections 105(a), 107(b)(1), and 1102(b)(3) of the Bankruptcy Code, in order to maximize the value of the estate, the Committee respectfully requests that the relief herein be granted.

WHEREFORE, the Committee respectfully requests Court enter an order, substantially in the form annexed hereto as **Exhibit A**, granting the Motion and awarding such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Deborah M. Perry

Kevin M. Lippman (TX Bar No. 00784479)
Deborah M. Perry (TX Bar No. 24002755)
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street
Suite 3800
Dallas, TX 75201-6659
Telephone:  (214) 855-7500
Facsimile:  (214) 855-7584
Email:klippman@munsch.com
dperry@munsch.com

and

Jeffrey N. Pomerantz (CA Bar No. 143717)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com

Bradford J. Sandler (DE Bar No. 4142)
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  bsandler@pszjlaw.com

***[Proposed] Counsel to the Official Committee of Unsecured Creditors***

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 14-30699-11 |
| BUFFET PARTNERS, L.P., et al., | § | |
| | § | CHAPTER 11 |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

**ORDER APPROVING INFORMATION ACCESS PROTOCOL UNDER**
**SECTIONS 105(A), 107(B), AND 1102(B)(3)(A) OF THE BANKRUPTCY CODE**

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for Order Approving Information Access Protocol Under Sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code* (the "Motion") filed by the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases; the Court having reviewed the Motion and having considered the statements of counsel present; and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED THAT:**

1.        The Motion is granted in its entirety;

2.        The following procedures for the protection of Confidential Information and

Privileged Information are approved:

        a.        The Official Committee of Unsecured Creditors (the "<u>Committee</u>")

appointed in the above-captioned jointly administered chapter 11 cases shall, until the earliest to

occur of dissolution of the Committee, dismissal, or conversion of these chapter 11 cases (the

"<u>Cases</u>"), and a further order of the Court, set up and maintain a website.  For the sake of

efficiency and economy and ease of access by creditors, the Committee shall keep creditors

informed as required by the statute by directing them to a website

(http://www.pszjlaw.com/buffetpartners.html) it shall maintain with specific links for Committee

reports and case information.  Further, in fulfillment of its obligation to solicit and receive

comments from general unsecured creditors as set forth in subsection 1102(b)(3)(B) of the

Bankruptcy Code, the Committee's website information page(s) will include contact information

for the Committee's counsel, including an email address to allow unsecured creditors to send

questions and comments in connection with these Cases.

        b.        The Committee shall not be required to disseminate to any Entity

(as defined in section 101(15) of the Bankruptcy Code):  (i) without further order of the Court,

Confidential Information or (ii) Privileged Information.  The Committee shall not be required to

disclose any Confidential Information it receives from the Debtors in connection with any

examination pursuant to Bankruptcy Rule 2004, or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation.

c. If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, the Committee shall as soon as practicable, but no more than twenty (20) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons for which the Committee cannot comply with the Information Request. If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information or otherwise, or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion filed with this Court. Such motion shall be served on the counsel for the Committee and the Debtors and the hearing on such motion shall be noticed and scheduled as required by the Local Rules for the Northern District of Texas. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's Information Request that the Committee deems to be Confidential Information or Privileged Information nor shall anything herein be deemed to preclude the Committee from objecting to such request. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review of

any information specifically responsive to the Requesting Creditor's Information Request that the Committee asserts is Confidential Information or Privileged Information.

d. In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality restrictions with respect to such Confidential Information; and (b) under the particular facts, such agreement will reasonably protect the confidentiality of such Confidential Information; provided, however, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

e. In addition, if the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "Demand") the disclosure of such Confidential Information for the benefit of the Debtors' creditors: (a) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "*Committee Information Demand*," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of any

such an objection, the Committee, the Requesting Creditor (if one exists), and the Debtors may

schedule a hearing with the Court seeking a ruling with respect to the Demand under 11 U.S.C. §

704(a)(7); and (b) if the Confidential Information is information of another Entity, by submitting

a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating

that such information will be disclosed in the manner described in the Demand unless such entity

objects to such Demand on or before fifteen (15) days after the service of such Demand; and,

after the lodging of any such an objection, the Committee, the Requesting Creditor (if one

exists), such Entity, and the Debtors may schedule a hearing with the Court seeking a ruling with

respect to the Demand.

        f.      The Committee will not be required to provide access to

information or solicit comments from any entity that has not demonstrated to the satisfaction of

the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in

section 1102(b)(3) of the Bankruptcy Code.

# # # END OF ORDER # # #

Submitted by:

Kevin M. Lippman (TX Bar No. 00784479)
Deborah M. Perry (TX Bar No. 24002755)
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street
Suite 3800
Dallas, TX 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: klippman@munsch.com
        dperry@munsch.com

and

Jeffrey N. Pomerantz (CA Bar No. 143717)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com

Bradford J. Sandler (DE Bar No. 4142)
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com

***[Proposed] Counsel to the Official Committee of Unsecured Creditors***

DOCS_LA:275722.2 11633/002
MHDocs 4968551_1 14559.1