Kevin M. Lippman (TX Bar No. 00784479)
Deborah M. Perry (TX Bar No. 24002755)
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201-6659
Telephone:  (214) 855-7500
Facsimile:  (214) 855-7584
Email:   klippman@munsch.com
         dperry@munsch.com

and

Jeffrey N. Pomerantz (CA Bar No. 143717)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:   jpomerantz@pszjlaw.com

Bradford J. Sandler (DE Bar No. 4142)
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  bsandler@pszjlaw.com

*[Proposed] Counsel to the Official Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 14-30699-11 |
| BUFFET PARTNERS, L.P., et al., | § | |
| | § | CHAPTER 11 |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

## APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
## OF MESIROW FINANCIAL CONSULTING, LLC AS ITS FINANCIAL ADVISORS

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON APRIL 3, 2014, WHICH IS AT LEAST TWENTY-THREE (23) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH**

**HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF A RESPONSE IS FILED, A HEARING WILL BE CONDUCTED ON THE RELIEF REQUESTED HEREIN ON APRIL 9, 2014 AT 2:00 P.M. (PREVAILING CENTRAL TIME) BEFORE THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE FOR THE NORTHERN DISTRICT OF TEXAS, 1100 COMMERCE STREET, COURTROOM 3, 14TH FLOOR, DALLAS, TEXAS 75242-1496.**

TO THE HONORABLE HARLIN D. HALE, U.S. BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 cases of Buffet Partners, L.P., et al., debtors and debtors-in-possession herein (the "Debtors"), submits this application (the "Application") for entry of an order, pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "Local Bankruptcy Rules"), authorizing the retention and employment of Mesirow Financial Consulting, LLC ("MFC"), as financial advisors to the Committee as of February 13, 2014. In support of this Application, the Committee relies upon the affidavit of Monty Kehl (the "Kehl Affidavit"), which is attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtors' Chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2

2. The statutory predicates for the relief sought herein are sections 328, 1103(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002 and Local Bankruptcy Rule 2014-1.

## BACKGROUND

3. On February 4, 2014 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. On February 11, 2014, the Office of the United States Trustee appointed the following creditors as members of the Committee:

> Houlounnn, LLC
> Kirk Hermansen
> 5944 Lunter Lane
> Dallas, TX 75225
>
> Okeene Milling Company
> Randel Nusz
> P.O. Box 1000
> Okeene, OK 73763
>
> PepsiCo
> Michael Bevilacqua, Sr.
> 1100 Reynolds Blvd.
> Winston-Salem, NC 27102
>
> The Richards Group, Inc.
> Michael "Scooter" Heath
> 8750 N. Central Expressway
> Dallas, TX 75231
>
> Valassis
> Hal Manoian
> 235 Great Pond Drive
> Windsor, CT 06095

DOCS_LA:275770.1 11633/002

5.      At a duly conducted meeting held on February 13, 2014, the Committee interviewed several potential financial advisors and after due deliberation and a vote, decided to retain MFC as its financial advisors in these Chapter 11 cases.

## RELIEF REQUESTED

6.      By this Application, the Committee requests authorization to retain and employ MFC as its financial advisors in these Chapter 11 cases.  Specifically, the Committee respectfully requests entry of an order pursuant to sections 328, 1103(a) and 1103(b) of the Bankruptcy Code authorizing MFC to perform those financial advisory services that will be necessary during these Chapter 11 cases as more fully described below.

## SERVICES TO BE RENDERED

7.      The Committee anticipates that MFC may render the following services in these cases:

a.      Assistance in the review of reports or filings as required by the Bankruptcy Court or the Office of the United States Trustee, including, but not limited to, schedules of assets and liabilities, statements of financial affairs and monthly operating reports;

b.      Review of the Debtors' financial information, including, but not limited to, analyses of cash receipts and disbursements, financial statement items and proposed transactions for which Bankruptcy Court approval is sought;

c.      Review and analysis of reporting regarding cash collateral and any debtor-in-possession financing arrangements and budgets;

d.      Evaluation of potential employee incentive, retention and severance plans;

e.      Assistance with identifying and implementing potential cost containment opportunities;

f.      Assistance with identifying and implementing asset redeployment opportunities;

g.      Analysis of assumption and rejection issues regarding executory contracts and leases;

4

DOCS_LA:275770.1 11633/002

h. Review and analysis of the Debtors' proposed business plans and the business and financial condition of the Debtors generally;

i. Assistance in evaluating reorganization strategy and alternatives available to the creditors;

j. Review and critique of the Debtors' financial projections and assumptions;

k. Preparation of enterprise, asset and liquidation valuations;

l. Assistance in preparing documents necessary for confirmation;

m. Advice and assistance to the Committee in negotiations and meetings with the Debtors and the lenders;

n. Advice and assistance on the tax consequences of proposed plans of reorganization;

o. Assistance with the claims resolution procedures, including, but not limited to, analyses of creditors' claims by type and entity;

p. Litigation consulting services and expert witness testimony regarding confirmation issues, avoidance actions or other matters; and

q. Other such functions as requested by the Committee or its counsel to assist the Committee in these Chapter 11 cases.

8. Subject to this Court's approval of the Application, MFC is willing to serve as the Committee's financial advisors and to perform the services described above.

## QUALIFICATIONS OF PROFESSIONALS

9. The Committee has selected MFC as its financial advisors because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

10. The Committee needs assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases. MFC has considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases. As such, MFC is qualified to perform the work required in these cases.

5

## DISINTERESTEDNESS OF PROFESSIONALS

11.     To the best of the Committee's knowledge and based upon the Kehl Affidavit, MFC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

12.     To the best of the Committee's knowledge and based upon the Kehl Affidavit, MFC does not hold or represent an interest adverse to the estates with respect to the matter on which MFC will be employed, in accordance with section 1103(b) of the Bankruptcy Code.

13.     To the best of the Committee's knowledge and based upon the Kehl Affidavit, (a) MFC's connections with the Debtors, creditors, any other party in interest, or their respective attorneys are disclosed on Exhibit B to the Kehl Affidavit; and (b) the MFC professionals working on this matter are not relatives of the United States Trustee of the Northern District of Texas or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Northern District of Texas.

14.     MFC has not provided, and will not provide any, professional services to the Debtors, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 cases.

## PROFESSIONAL COMPENSATION

15.     As agreed to with the Committee, MFC's requested compensation for professional services rendered to the Committee will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate except as noted below.

16.     In the normal course of business, MFC revises its hourly rates on January 1 of each year. MFC requests that the rates listed below be revised to the hourly rates that are in

effect at the time services are rendered. The current normal and customary hourly rates for financial advisory services to be rendered by MFC and applicable herein are as follows:

| Level | Hourly rates |
|---|---|
| Senior Managing Director, Managing Director and Director | $895-$950 |
| Senior Vice President | $725-$795 |
| Vice President | $625-$695 |
| Senior Associate | $495-$595 |
| Associate | $295-$445 |
| Paraprofessional | $160-$250 |

17. With respect to this engagement, MFC has agreed to a $600 per hour maximum rate.

18. MFC will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

19. MFC intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. MFC has agreed to accept as compensation such sums as may be allowed by the Court. MFC understands that interim and final fee awards are subject to approval by this Court.

7

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, (i) granting this Application, (ii) authorizing the Committee to retain and employ MFC as its financial advisors as of February 13, 2014, to perform the services set forth herein; and (iii) granting such other and further relief as is just and proper.

Dated: March 11, 2014

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF BUFFET
PARTNERS, L.P. AND BUFFET G.P., INC.**

The Richards Group, Inc.
By: Michael Heath

Solely in his capacity as Chair of the Official
Committee of Unsecured Creditors of Buffet
Partners, L.P. and Buffet G.P., Inc., and not in any
other capacity

8

Kevin M. Lippman (TX Bar No. 00784479)
Deborah M. Perry (TX Bar No. 24002755)
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email:  klippman@munsch.com
       dperry@munsch.com

and

Jeffrey N. Pomerantz (CA Bar No. 143717)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com

Bradford J. Sandler (DE Bar No. 4142)
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  bsandler@pszjlaw.com

*[Proposed] Counsel to the Official Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 14-30699-11 |
| BUFFET PARTNERS, L.P., et al., | § | |
| | § | CHAPTER 11 |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |

## AFFIDAVIT OF MONTY KEHL IN SUPPORT OF THE APPLICATION
## FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
## AND EMPLOYMENT OF MESIROW FINANCIAL
## CONSULTING, LLC AS FINANCIAL ADVISORS TO
## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss: |
| COUNTY OF COOK | ) |

I, Monty Kehl, being duly sworn, depose and say:

1.     I am a Senior Managing Director of Mesirow Financial Consulting, LLC

("MFC"), a professional services firm engaged in the business of providing financial

advisory and related professional consulting services. MFC is a wholly-owned subsidiary of Mesirow Financial Holdings, Inc., a diversified financial services firm which also offers investment management services, insurance services, investment services, investment banking and other financial services (collectively "Mesirow Financial"). I submit this affidavit on behalf of MFC in support of the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 cases of Buffet Partners, L.P., et al., debtors and debtors-in-possession herein (collectively, the "Debtors"), for entry of an order, pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "Local Bankruptcy Rules"), authorizing the retention and employment of MFC as financial advisors to the Committee as of February 13, 2014. I have personal knowledge of the matters set forth herein, and if called as a witness, would testify competently thereto.[2]

## QUALIFICATIONS OF PROFESSIONALS

2.     MFC is a firm offering financial advisory services to financially distressed and troubled companies.

3.     The Committee has selected MFC as its financial advisors because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

---

[1]     Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

[2]     Certain of the disclosures herein relate to matters within the knowledge of other professionals at MFC.

4.    The Committee requires assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases.  The professionals of MFC have considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases.  As such, MFC is qualified to perform the work required in these cases.

## SERVICES TO BE RENDERED

5.    The Committee anticipates that MFC may render the following services in these cases:

a.    Assistance in the review of reports or filings as required by the Bankruptcy Court or the Office of the United States Trustee, including, but not limited to, schedules of assets and liabilities, statements of financial affairs and monthly operating reports;

b.    Review of the Debtors' financial information, including, but not limited to, analyses of cash receipts and disbursements, financial statement items and proposed transactions for which Bankruptcy Court approval is sought;

c.    Review and analysis of the reporting regarding cash collateral and any debtor-in-possession financing arrangements and budgets;

d.    Evaluation of potential employee incentive, retention and severance plans;

e.    Assistance with identifying and implementing potential cost containment opportunities;

f.    Assistance with identifying and implementing asset redeployment opportunities;

g.    Analysis of assumption and rejection issues regarding executory contracts and leases;

h.    Review and analysis of the Debtors' proposed business plans and the business and financial condition of the Debtors generally;

i.    Assistance in evaluating reorganization strategy and alternatives available to the creditors;

-3-

j.     Review and critique of the Debtors' financial projections and assumptions;

k.     Preparation of enterprise, asset and liquidation valuations;

l.     Assistance in preparing documents necessary for confirmation;

m.     Advice and assistance to the Committee in negotiations and meetings with the Debtors and the bank lenders;

n.     Advice and assistance on the tax consequences of proposed plans of reorganization;

o.     Assistance with the claims resolution procedures, including, but not limited to, analyses of creditors' claims by type and entity;

p.     Litigation consulting services and expert witness testimony regarding confirmation issues, avoidance actions or other matters; and

q.     Other such functions as requested by the Committee or its counsel to assist the Committee in these Chapter 11 cases.

6.     Subject to this Court's approval of the Application, MFC is willing to serve as the Committee's financial advisors and to perform the services described above.

## DISINTERESTEDNESS OF PROFESSIONALS

7.     Based upon information supplied by Committee counsel, MFC searched its records and certain records of Mesirow Financial[3] to identify any connection or relationship with the following entities:

a.     The Debtors and their affiliates;

b.     The equity interest holders;

c.     The Debtors' senior officers and directors;

---

[3] MFC does not intend to suggest that Bankruptcy Rule 2014 requires that a professional seeking retention under the Bankruptcy Code must disclose any connections that an *affiliate* of the professional may have to the creditors or other parties-in-interest in the bankruptcy case. Rather, out of an abundance of caution, MFC has searched certain portions of Mesirow Financial's database and made appropriate disclosures of relationships, with the exception of those relationships described in the section titled "Ethical Wall and Trading Wall Procedures."

d. The Debtors' major secured creditors;

e. The Debtors' twenty (20) largest unsecured creditors;

f. The Debtors' landlords;

g. Members of the Unsecured Creditors Committee;

h. Counsel to the Committee; and

i. Financial advisors and counsel to the Debtors and certain other parties-in-interest.

The names provided to MFC by the Debtors' counsel are set forth in Exhibit A attached hereto and incorporated herein by reference.

8.      Based upon the database search described above, MFC does not represent any other entity having an adverse interest in connection with these cases, and does not hold or represent an interest adverse to the interests of the estates with respect to the matter on which MFC will be employed, in accordance with section 328(c) and 1103(b) of the Bankruptcy Code.

9.      MFC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, given that, to the best of my information and belief, MFC:

a. is not a creditor, an equity security holder, or an insider of the Debtors;

b. is not and was not, within two years before the commencement of these Chapter 11 cases, a director, officer or employee of the Debtors; and

c. does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

10.     To the best of my knowledge, except as set forth herein and in Exhibit B attached hereto and incorporated herein by reference and subject to the limitations

discussed herein, (a) MFC has no connections with the Debtors, creditors, and any other party-in-interest, or their respective attorneys and accountants; and (b) the MFC professionals working on this matter are not relatives of the United States Trustee of the Northern District of Texas or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Northern District of Texas.

11.     MFC, and in some cases Mesirow Financial, has in the past been retained by, and presently and likely in the future will provide services for, certain creditors of the Debtors, other parties-in-interest, and their respective attorneys and accountants in matters unrelated to such parties' claims against the Debtors or interests in these Chapter 11 cases. MFC currently performs or has previously performed such services for the entities listed in Exhibit B.

12.     As part of its practice, MFC appears in many cases, proceedings, and transactions involving many different law firms, financial consultants, and investment bankers in matters unrelated to this bankruptcy. MFC has not identified any material relationships or connections with any law firm, financial consultant or investment banker involved in these Chapter 11 cases that would cause it to be adverse to the Debtors, the Debtors' estates, any creditor or any other party-in-interest, or that would otherwise affect MFC's judgment or ability to perform services for the Committee.[4]

13.     MFC has not provided, and will not provide, any professional services to the Debtors, any of the individual creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 cases.

---

[4] From time to time, MFC and Mesirow Financial retain a number of law firms in the ordinary course of their business. No law firm has been retained by MFC or Mesirow Financial for the purposes of representation with regard to this matter.

14.     Prior to the Petition Date, MFC did not receive any payments from the Debtors and is not a prepetition creditor of the Debtors.

## ETHICAL WALL AND TRADING WALL PROCEDURES

15.     Mesirow Financial has established an "Ethical Wall" between MFC and the other subsidiaries, divisions and units of Mesirow Financial. The Ethical Wall prohibits MFC from sharing confidential or non-public information concerning the Debtors and these cases with any other employees of Mesirow Financial. Likewise, the Ethical Wall prohibits any employees of Mesirow Financial from sharing confidential or non-public information concerning the Debtors and these cases with any employee of MFC. Mesirow Financial and MFC have informed all employees of the Ethical Wall procedures.

16.     In addition to the Ethical Wall, Mesirow Financial has also established a "Trading Wall". In the ordinary course of business, Mesirow Financial, Inc. ("MFI"), Mesirow Financial's affiliated broker-dealer, may purchase or sell securities on a principal or agency basis. MFI also executes securities transactions on behalf of clients of introducing broker-dealers or unaffiliated investment advisors.[5] In the ordinary course of business, Mesirow Financial's affiliated investment advisor subsidiaries, together with MFI (collectively, the "Mesirow BD/IA Subsidiaries"), may purchase securities, sell securities and/or provide investment advice to retail or institutional clients on a non-discretionary or discretionary basis. The securities transacted by the Mesirow BD/IA

---

[5]    MFI provides clearing services for introducing broker-dealers as well as custodial and execution services for unaffiliated investment advisors. In connection with these services, all investment decisions occur between the introducing broker-dealer and unaffiliated investment advisor and their respective clients.

-7-

Subsidiaries may include securities issued by the Debtors, creditors, stakeholders or other parties-in-interest in these cases ("Related Securities").

17. Mesirow Financial has implemented certain "Trading Wall" procedures to ensure that information concerning transactions by the Mesirow BD/IA Subsidiaries in Related Securities, as well as other securities transactions by the Mesirow BD/IA Subsidiaries, will not be available to the employees of MFC. These Trading Wall procedures also permit the Mesirow BD/IA Subsidiaries to act in the best interest of their clients and in accordance with securities laws. The Mesirow BD/IA Subsidiaries are operated as separate and distinct subsidiaries from MFC. Mesirow Financial has informed the employees of the Mesirow BD/IA Subsidiaries and MFC of the Trading Wall procedures.

## PROFESSIONAL COMPENSATION

18. MFC's requested compensation for professional services rendered to the Committee will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate except as noted below. The Committee has agreed to compensate MFC for professional services rendered at its normal and customary hourly rates.

19. The rates included in this Affidavit are MFC's normal and customary rates for matters of this sort. In the normal course of business, MFC revises its hourly rates on January 1 of each year. MFC requests that the rates listed below be revised to the hourly rates that are in effect at the time the services are rendered. The current normal and customary hourly rates for the services to be rendered by MFC are as follows:

| Level | Hourly rates |
|---|---|
| Senior Managing Director, Managing Director and Director | $895-$950 |
| Senior Vice President | $725-$795 |
| Vice President | $625-$695 |
| Senior Associate | $495-$595 |
| Associate | $295-$445 |
| Paraprofessional | $160-$250 |

With respect to this engagement, MFC has agreed to a $600 per hour maximum hourly rate.

20.     MFC will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

21.     MFC intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. MFC has agreed to accept as compensation such sums as may be allowed by the Court. MFC understands that interim and final fee awards are subject to approval by this Court.

22.     In accordance with section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between MFC and any other entity for the sharing of compensation received or to be received for services rendered in connection with these cases.

23.     This affidavit is provided in accordance with section 328(c) and 1103(b) of the Bankruptcy Code and Bankruptcy Rule 2014.

-9-

24. I have read the Application, and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

Monty Kehl
Senior Managing Director
353 North Clark Street
Chicago, IL 60654

Sworn to and subscribed before me this 26th day of February 2014

Notary Public

State of _Illinois_

County of _Cook_

OFFICIAL SEAL
LATANGA SHAW
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/07/18

-10-

**EXHIBIT A**

This information is being provided in connection with the Affidavit of Monty Kehl in support of the Application for Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC as Financial Advisors to the Official Committee of Unsecured Creditors. The following names were compared to MFC's client database and certain records in Mesirow Financial's client database to identify any connection or relationship:

## Debtors

Buffet Partners, L.P.
Buffet G.P., Inc.

## Equity Interest Holders

Buffet Partners Holding Company, LLC
Chatham Capital Management II, LLC
Hemmig Investments, Ltd.
Greg Buchanan
Thomas Michael Blasdell
Samuel D. Pyeatt
Chatham Credit Management III, LLC
John Kruger
Edward Bradley
George S. Rich
GRI Fund LP
Raymond C. Hemmig
Steve Barnhill
Sundance Capital, LLC
Monty Standifer
David Siebert
Chatham Investment Fund II, LLC
JMI Services, LLC
John J. Moores
The Rebecca Ann Moores Family Trust
Rebecca A. Moores, Trustee
Charles E. Noell, III
JMI, Inc.
Marshall B. Payne
CIC Partners
Ed Johnson
Donald Dodson
Vicky Baggett
Robert Bell

-11-

Kim Sledge
James Williamson

**Directors and Senior Officers**

Brian Reynolds
Lin Wang
Kristen Bernheim
Scott Krajewski
George Rich
Barry Barron, Sr.
Dave Siebert
Sam Pyeatt
Thomas Michael Blasdell

**Secured Creditors**

Chatham Capital
Chatham Credit Management III, LLC
Chatham Investment Fund QPIII, LLC
Chatham Investment Fund III, LLC
Chatham Capital Management II, LLC
Chatham Investment Fund QPII, LLC
Chatham Investment Fund II, LLC
Maxus Capital Group, LLC

**Top 20 Creditors**

The Richards Group Inc.
Local & Western of Texas, Inc.
Papercraft Southwest
Ecolab, Inc.
Pepsi-Cola
Valassis Dire
R&D Marketing LLC
National Retail Properties, LP
Lynx Associates, LP
Sanzarnnn LLC
Okeene Milling Co.
National Frozen Foods Co.
QVD USA LLC
AM Realty Capital OP Partnership
Mission Foods
Pacific Cheese Co., Inc.
Inland Diversified Dallas Wheatland, LLC
Rubin Sales

-12-

Houlounnn LLC
Premium Assignment Corp.

**Landlords**

1750 Redondo LLC
505 Cordova
Anchor Equities, Ltd.
ARC CAFEUSA001, LLC
Arthur N Rupe Foundation
Boston & Mays, LLC
Erland L. & Mary Ann Stenberg
Farm Properties, Inc.
HOULOUNNNN, LLC
Humboldt Rio West L.L.C.
Hume Arizona Holdings LLC
IndCor Properties
Inland Diversified Dallas Wheatland LLC
Las Palmas Dunhill LP
Lynx Associates, L.P.
MCM Properties Ltd.
Mesa Center, LLC
Michael D. Trammel & Sandra A. Trammel
Monarrez Family Trust
N3 335 Plano, TX, LLC
National Retail Properties, LP
One Energy Shopping Center
Parkway Development LLC
Rancier Investment 1, LLC
Roger Beasley
Rogers Avenue Properties, LLC
Rohde-Herzog Family Trust of 1999
SAMP 2, L.L.C.
San Juan Plaza Partners
SAN151NNN, LLC
SANZARNNN, LLC
Segura Investors, XII, LLC
Sparky Sanders LLC
Springtown Furr's, Ltd.
The Holland Island, LLC
Tomorrow Ix Broadmoor, LP
WFC Wyoming NM, LLC

### Committee

Houlounnn, LLC
Okeene Milling Company
PepsiCo
The Richards Group, Inc.
Valassis

### Committee Counsel

Pachulski Stang Ziehl & Jones
Munsch Hardt Kopf & Harr, P.C.

### Debtors' Counsel

Baker & McKenzie LLP
James W. Sargent

### Debtors' Financial Advisor

Bridgepoint Consulting

### Other

Internal Revenue Service
United States Trustee
Maxus Capital

## EXHIBIT B

This information is being provided in connection with the Affidavit of Monty Kehl in support of the Application for Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC as Financial Advisors to the Official Committee of Unsecured Creditors. MFC or Mesirow Financial have or had business relationships with, currently render or have previously rendered services in matters unrelated to these Chapter 11 cases for the following entities:

**Top 20 Creditors**

Ecolab, Inc.
Premium Assignment Corp.

**Committee Counsel**

Pachulski Stang Ziehl & Jones

**Debtors' Counsel**

Baker & McKenzie LLP

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| | § | |
| IN RE: | § | CASE NO. 14-30699-11 |
| | § | |
| BUFFET PARTNERS, L.P., et al. | § | CHAPTER 11 |
| | § | |
| DEBTORS.[1] | § | Jointly Administered |
| | § | |

ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF MESIROW FINANCIAL CONSULTING, LLC AS FINANCIAL ADVISORS
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the application (the "Application") of the Official Committee of Unsecured

Creditors (the "Committee") appointed in the Chapter 11 cases of the above-captioned

debtors and debtors-in-possession herein (the "Debtors"), for entry of an order, pursuant to

sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§

101-1330, as amended (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local

---

[1] The Debtors in these chapter 11 cases are Buffet Partners, L.P. and Buffet G.P., Inc.

Bankruptcy Rules for the Northern District of Texas (the "Local Bankruptcy Rules"), authorizing the retention and employment of Mesirow Financial Consulting, LLC as financial advisors to the Committee as of February 13, 2014, and upon the Affidavit of Monty Kehl (the "Kehl Affidavit"); and the Court being satisfied, based upon the representations made in the Application and the Kehl Affidavit, that such financial advisors represent no interest adverse to the Debtors' estates or their creditors with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates and their creditors; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted and approved in all respects; and it is further

ORDERED that, pursuant to sections 328, 1103(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rule 2014-1, the Committee is hereby authorized to employ Mesirow Financial Consulting, LLC as its financial advisors, in accordance with the terms of the Application, as of February 13, 2014, to perform the services set forth in the Application; and it is further

ORDERED that Mesirow Financial Consulting, LLC shall be compensated in accordance with the procedures set forth in sections 328, 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable,

from time to time, and such procedures as may be fixed by order of this Court; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern.

# # # END OF ORDER # # #

Prepared and submitted by:


Kevin M. Lippman (TX Bar No. 00784479)
Deborah M. Perry (TX Bar No. 24002755)
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street
Suite 3800
Dallas, TX 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: klippman@munsch.com
        dperry@munsch.com

and

Jeffrey N. Pomerantz (CA Bar No. 143717)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com

Bradford J. Sandler (DE Bar No. 4142)
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com

*[Proposed] Counsel to the Official Committee of Unsecured Creditors*