John E. Mitchell, SBT # 00797095
Rosa A. Shirley, SBT # 24056313
**BAKER & McKENZIE LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
Tel:  (214) 978-3000
Fax: (214) 978-3099
Email: john.mitchell@bakermckenzie.com
rosa.shirley@bakermckenzie.com

**ATTORNEYS FOR THE DEBTORS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** § | | |
| § | | **CASE NO. 14-30699-11** |
| **BUFFET PARTNERS, L.P., et al.** § | | |
| § | | **CHAPTER 11** |
| **DEBTORS.**[1] § | | |
| § | | **Jointly Administered** |
| § | | |
| | | *(Expedited Hearing Requested for March 19, 2014 at 2:00 p.m.)* |

**EXPEDITED APPLICATION TO EMPLOY AND RETAIN BROOKWOOD ASSOCIATES, L.L.C. PURSUANT TO 11 U.S.C. § 327(a) TO PROVIDE INVESTMENT BANKER SERVICES TO THE DEBTORS**

BUFFET PARTNERS, L.P., et al., the above-referenced debtors and debtors in possession (the "Debtors") file this Application pursuant to 11 U.S.C. § 327(a) to Employ Brookwood Associates, L.L.C. ("Brookwood") to Provide Investment Banker Services to the Debtors (the "Application").  In support of the Application, the Debtors submit the Affidavit of Amy V. Forrestal (the "Forrestal Affidavit"), a copy of which is attached hereto as **Exhibit A** and is incorporated herein by reference.

---

[1] The Debtors in these chapter 11 cases are Buffet Partners, L.P. and Buffet G.P., Inc.

## I.
## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## Background

2. On February 4, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"), thereby commencing these chapter 11 cases (the "Cases"). The Debtors continue in possession of their property and they are operating and managing their business as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

3. On March 14, 2014, the Debtors filed an expedited motion for an order (I) approving the procedures (the "Sale Procedures") for (a) the sale of substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code (the "Section 363 Sale"), (b) the assumption and assignment of certain executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code, (c) the establishment of cure amounts, (II) setting a hearing date for the approval of the sale (the "Sale Hearing") and (III) approving the form of notice of the Sale Hearing.

3. The employment arrangement contained in that certain engagement agreement, dated as of February 27, 2014 (the "Agreement"), is in the best interests of the Debtors' estates and the compensation arrangement provides certainty and proper inducement for Brookwood to act expeditiously and prudently to assist the Debtors with the Section 363 Sale. A copy of the Agreement is attached hereto as **Exhibit B**.

## III.
## Relief Requested

4. The Debtors seek entry of an order authorizing it to employ and retain Brookwood to act as its exclusive investment banker in connection with the Section 363 Sale or other transfer, whether in one or a series of transactions, of all or a significant portion of the assets of the Debtors (the "Transaction").

5. Bankruptcy Code § 327(a) provides, "the trustee … may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." That provision is made applicable to the Debtor by virtue of Bankruptcy Code § 1107(a), which grants a Debtor all rights and powers of a trustee. Furthermore, Bankruptcy Code § 328 authorizes a debtor in possession to employ a professional on any reasonable terms, including on a fixed fee or commission basis.

6. The Debtor has chosen Brookwood because of Brookwood's extensive experience and knowledge and excellent reputation in restructuring as well as its capital markets knowledge, financing skills and mergers and acquisitions capabilities. The Debtors believe that Brookwood possesses the requisite resources and is highly qualified to act as the Debtors investment banker in this case going forward.

## IV.
## Scope of Representation

7. The Debtors wish to retain and employ Brookwood in these Cases, under the terms and conditions more fully set forth below, to provide assistance to the Debtors in connection with the Section 363 Sale. The services to be rendered by Brookwood include, but are not limited to:

    A.    Assist in the preparation of a Confidential Information Memorandum ("CIM") setting forth information describing the Debtors' business as well

3

          as related presentation materials for distribution to potential lenders, investors or purchasers;

B.    Set up a Virtual Data Room to hold, distribute and monitor due diligence information;

C.    Identify and contact potential investors or purchasers for the Transaction on a confidential basis;

D.    Attend appropriate meetings with potential investors and/or lenders and assist in the analysis of offers and with negotiation of the terms and structure of the Transaction, including providing valuation analyses as appropriate;

E.    Advising and attending meetings of the Debtor's Board of Directors, creditor groups, official constituencies and other interested parties, as the Debtors and Brookwood determine to be necessary or desirable;

F.    Provide expert testimony in connection with the Cases; and

G.    Perform such other services as may be agreed upon between the parties.

8.    The compensation arrangement for Brookwood, subject to court approval, includes the following terms:

A.    Brookwood will receive a non-refundable advisory fee of $75,000, of which $40,000 shall be due and payable upon approval of the Agreement by this Court and $35,000 due and payable by March 31, 2014.

B.    As long as the engagement of Brookwood has not terminated, the Debtors shall pay Brookwood a monthly fee of $20,000 per month, starting 90 days after the execution of the Agreement and payable in advance on each monthly anniversary thereafter.

C.    Upon consummation of a Transaction, the Debtors shall pay to Brookwood a transaction fee in an amount equal to (i) 10% of the net proceeds that exceed $30,000,000 by any bidder (whether credit or otherwise); or (ii) if the net proceeds are less than $30,000,000 and are from a non-Chatham related third party, 1% of such net proceeds less the advisory fees already paid.

      D.      In addition, Brookwood will seek reimbursement of its reasonable out-of-pocket expenses incurred in connection with this engagement including travel expenses, provided that such expenses shall not exceed $15,000 without prior approval by the Debtors.

      E.      The Debtors will indemnify Brookwood and hold it harmless pursuant to the terms of the Agreement.

9.     Brookwood's compensation under the Agreement has been negotiated by the parties with the understanding that the results achieved and the ultimate benefit to the estate of the work performed may vary and have taken this into account in negotiating the compensation.

10.     Brookwood's compensation under the Agreement is consistent with and typical of compensation arrangements entered into by Brookwood and other comparable firms in connection with the rendering of similar services under similar circumstances. The Debtors believe that the ultimate benefit of Brookwood's services cannot be measured by reference to the number of hours to be expended by Brookwood's professionals in the performance of such services. Indeed, the Debtors and Brookwood have agreed upon the compensation in anticipation that (a) a substantial commitment of professional time and effort will be required of Brookwood in connection with these Cases, (b) such commitment may foreclose other opportunities for Brookwood and (c) the actual time and commitment of Brookwood and its professionals to perform its services under the Agreement may vary substantially from week to week and month to month, creating "peak load" issues for Brookwood.

11.     The Debtors respectfully submit that the compensation set forth above is reasonable and should be approved under section 328(a) of the Bankruptcy Code, which specifically authorizes compensation of a professional person on a "percentage fee" or "contingent fee" basis. 11 U.S.C. §

328(a). The compensation terms negotiated with Brookwood were the results of arm's length negotiations, and the Debtors believe such terms are fair and reasonable.

12. Due to the transactional fee structure of the engagement, Brookwood requests that it not be required to file detailed time records in accordance with Bankruptcy Rule 2016(a) and the U.S. Trustee Fee Guidelines. Sales and marketing agents generally are not compensated based on hours devoted to their services, and instead are compensated based on fee structures similar to the one proposed in this case.

## V.
## Brookwood is Disinterested

13. Brookwood and certain of its partners and associates may have in the past, may presently and/or may in the future represent creditors of the Debtors in matters unrelated to this case. Brookwood has reviewed the list of the Debtors' 20 largest trade creditors and known secured creditors, as provided to Brookwood by the Debtors, and has represented to the Debtors that Brookwood is not currently aware of any relationship that would create a conflict of interest with the Debtors or those parties-in-interest of which the Debtors have made Brookwood aware. Brookwood has further represented to the Debtors that it will not represent, and that it has not represented, the interest of any such entities in connection with this matter.

14. To the best of the Debtors' knowledge, on information and belief, other than in connection with this case, Brookwood has no connection with the Debtors, their creditors, parties in interest or affiliates, or attorneys or special advisors for any of them, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth herein and in the Forrestal Affidavit attached hereto as **Exhibit A**.

15. Based upon the Forrestal Affidavit and the Debtors' knowledge of the Cases thus far, Brookwood does not represent or hold any interest adverse to the Debtors, its estates, creditors, equity

security holders, or affiliates in the matter upon which Brookwood is to be engaged, and is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

16. Brookwood has informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Brookwood will supplement the Forrestal Affidavit with the Court. Furthermore, Brookwood has informed the Debtors that it has not shared or agreed to share any compensation received in connection with these Cases with any entity other than its members, partners or associates in accordance with section 504(b) of the Bankruptcy Code.

WHEREFORE, the Debtors respectfully request that the Court enter an Order (1) approving this Application and authorizing them to employ and retain Brookwood Consulting, LLC to act as Investment Banker to them in these Cases, as requested in this Application, effective as of the Petition Date; and (2) granting them any other relief that is just and proper.

Dated: March 14, 2014
Plano, Texas

Respectfully submitted,

Buffet G.P., Inc., on behalf of itself and on behalf of Buffet Partners, L.P.

By: */s/ Barry M. Barron, Sr.*
Barry M. Barron, Sr.
Its: Chief Executive Officer

**CERTIFICATE OF SERVICE**

This is to certify that on March 14, 2014, a copy of the foregoing document was served on the parties registered to receive electronic notification via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, and on those parties listed on the Master Service List via email, Fedex overnight mail, Saturday delivery, where available, or otherwise via overnight mail (US Mail or FedEx) for Monday delivery.

*/s/ John E. Mitchell*
John E. Mitchell