John E. Mitchell, SBT # 00797095
Rosa A. Shirley, SBT # 24056313
**BAKER & McKENZIE LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
Tel:  (214) 978-3000
Fax: (214) 978-3099
Email: john.mitchell@bakermckenzie.com
rosa.shirley@bakermckenzie.com

**ATTORNEYS FOR THE DEBTORS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § § § | |
| § | CASE NO. 14-30699-11 |
| BUFFET PARTNERS, L.P., et al. § | |
| § | CHAPTER 11 |
| DEBTORS.[1] § | |
| § | Jointly Administered |
| § | (Hearing:  April 29, 2014 at 2:00 p.m.) |

**APPLICATION TO EMPLOY AND RETAIN HILCO REAL ESTATE, LLC PURSUANT TO 11 U.S.C. § 327(a) TO PROVIDE REAL ESTATE <u>CONSULTING AND ADVISORY SERVICES TO THE DEBTOR</u>S**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

> **NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON APRIL 16, 2014, WHICH IS AT LEAST 23 DAYS FROM THE DATE OF SERVICE HEREOF.**
>
> **ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED**

---

[1] The Debtors in these chapter 11 cases are Buffet Partners, L.P. and Buffet G.P., Inc.

**DEBTORS' APPLICATION TO EMPLOY AND RETAIN HILCO REAL ESTATE, LLC PURSUANT TO 11 U.S.C. § 327(a) TO PROVIDE REAL ESTATE CONSULTING AND ADVISORY SERVICES TO THE DEBTORS – Page 1**
770132-v2\DALDMS

**UPON COUNSEL FOR THE DEBTORS PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF A RESPONSE IS FILED, A HEARING WILL BE CONDUCTED ON THE RELIEF REQUESTED HEREIN ON APRIL 29, 2014 AT 2:00 P.M. (PREVAILING CENTRAL TIME) BEFORE THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE FOR THE NORTHERN DISTRICT OF TEXAS, 1100 COMMERCE STREET, COURTROOM 3, 14TH FLOOR, DALLAS, TEXAS 75242-1496.**

BUFFET PARTNERS, L.P., et al., the above-referenced debtors and debtors in possession (the "Debtors") file this Application pursuant to 11 U.S.C. § 327(a) to Employ Hilco Real Estate, LLC ("Hilco") to Provide Real Estate Consulting and Advisory Services to the Debtors (the "Application"). In support of the Application, the Debtors submit the Affidavit of Ian S. Fredericks (the "Fredericks Affidavit"), a copy of which is attached hereto as **Exhibit A** and is incorporated herein by reference.

## I.
## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## Background

2. On February 4, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"), thereby commencing these chapter 11 cases (the "Cases"). The Debtors continue in possession of their

property and they are operating and managing their business as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

3. The Debtors own and operate 29 restaurants in five states throughout the Southwest. The restaurants are supported by Dynamic Foods, a captive, vertically integrated food processing and distribution operation. Debtors' assets consist primarily of the real estate, personal property, vehicles, and other assets at the Lubbock, Texas, Dynamic Foods facility, the Plano corporate headquarters and the 29 operating restaurants, each leased from multiple different landlords (each a "Lease" and collectively, the "Leases"). The Debtors have commenced a strategic review of their lease liabilities in connection with their sale efforts. Accordingly, the Debtors seek to retain Hilco to assist with lease negotiations, and the restructuring, assignment, sale or termination of the Leases.

4. The employment arrangement contained in that certain engagement agreement, dated as of February 27, 2014 (the "Agreement"), is beneficial to the Debtors' estates and the compensation arrangement provides certainty and proper inducement for Hilco to act expeditiously and prudently to assist the Debtors with their strategic review of the Leases. A copy of the Agreement is attached hereto as **Exhibit B**.

### III.
### Relief Requested

4. The Debtors seek entry of an order authorizing it to employ and retain Hilco to act as its real estate advisor in the bankruptcy cases pursuant to the terms and conditions of the Agreement.

5. Bankruptcy Code § 327(a) provides, "the trustee … may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the

**DEBTORS' APPLICATION TO EMPLOY AND RETAIN HILCO REAL ESTATE, LLC PURSUANT TO 11 U.S.C. § 327(a) TO PROVIDE REAL ESTATE CONSULTING AND ADVISORY SERVICES TO THE DEBTORS – Page 3**
770132-v2\DALDMS

trustee in carrying out the trustee's duties under this title." That provision is made applicable to the Debtor by virtue of Bankruptcy Code § 1107(a), which grants a Debtor all rights and powers of a trustee.

6. The Debtor has chosen Hilco because of Hilco's extensive experience and knowledge and excellent reputation in providing consulting and advisory services in connection with the restructuring, assignment, sale or termination of leases in chapter 11 cases. The Debtors believe that Hilco possesses the requisite resources and is highly qualified to act as the Debtors real estate advisor in this case going forward.

## IV.
## Scope of Representation

7. The Debtors wish to retain and employ Hilco in these Cases, under the terms and conditions more fully set forth below, to provide assistance to the Debtors with various services in connection with the Leases. The services to be rendered by Hilco include, but are not limited to:

   A. Meet with the Debtors to ascertain the Debtors' goals, objectives and financial parameters;
   B. Mutually agree with the Debtors with respect to a strategic plan for restructuring the Leases (the "Strategic Plan");
   C. On the Debtors' behalf, negotiate the terms of the restructuring agreements with third parties and landlords under the Leases, in accordance with the Strategic Plan;
   D. Provide written reports periodically to the Debtors regarding the status of such negotiations; and
   E. Assist the Company in closing the pertinent Lease restructuring agreements.

8. The compensation arrangement for Hilco, subject to court approval, includes the following terms:

    A.    For each Lease that becomes a Restructured Lease, Hilco will earn a fee equal to the greater of (i) $2,000 or (ii) the aggregate Restructured Lease Savings (as defined in the Agreement) multiplied by eight percent (8%). The amounts payable on account of a Restructured Lease shall be due and payable immediately, but not in excess of 50% of the Debtors' monthly realized Restructured Lease Savings until the fee is paid in full. Notwithstanding the above, to the extent no Lease Savings are secured under a Lease, the aforementioned $2,000 fee shall be paid in equal monthly installments over six months.

    B.    In addition, Hilco will seek reimbursement of its reasonable out-of-pocket expenses incurred in connection with this engagement including reasonable expenses of advertising, marketing, coach travel and transportation and other mutually agreed upon expenses incurred in connection with performing the services required by the Agreement.

    C.    The Debtors will not be required to seek approval from the Court to pay any earned fee or reimbursement of expenses as provided in the Agreement.

    D.    The Debtors will indemnify Hilco and hold it harmless from all claims made against it in connection with its performance of services to the Debtors, except for claims that arise as a result of Hilco's fraud, misrepresentation, gross negligence, willful misconduct or material breach of any of the terms of the Agreement.

9.    Hilco's compensation has been negotiated by the parties with the understanding that the results achieved and the ultimate benefit to the estate of the work performed may vary and have taken this into account in negotiating the compensation.

10.    Hilco's compensation under the Agreement is consistent with and typical of compensation arrangements entered into by Hilco and other comparable firms in connection with the rendering of similar services under similar circumstances. The Debtors believe that the ultimate

benefit of Hilco's services cannot be measured by reference to the number of hours to be expended by Hilco's professionals in the performance of such services. Indeed, the Debtors and Hilco have agreed upon the compensation in anticipation that (a) a substantial commitment of professional time and effort will be required of Hilco in connection with these Cases, (b) such commitment may foreclose other opportunities for Hilco and (c) the actual time and commitment of Hilco and its professionals to perform its services under the Agreement may vary substantially from week to week and month to month, creating "peak load" issues for Hilco.

11. The Debtors respectfully submit that the compensation set forth above is reasonable and should be approved under section 327 and 328(a) of the Bankruptcy Code, which specifically authorizes compensation of a professional person on a "percentage fee" or "contingent fee" basis. 11 U.S.C. § 328(a). The compensation terms negotiated with Hilco were the results of arm's length negotiations, and the Debtors believe such terms are fair and reasonable.

12. Due to the transactional fee structure of the engagement, Hilco requests that it not be required to file detailed time records in accordance with Bankruptcy Rule 2016(a) and the U.S. Trustee Fee Guidelines. Sales and marketing agents generally are not compensated based on hours devoted to their services, and instead are compensated based on fee structures similar to the one proposed in this case. Notwithstanding that Hilco does not charge for its services on an hourly basis, Hilco will nonetheless file a certification of its fees, commissions and reimbursable expenses with the Court contemporaneously or otherwise as part of any motion to assume or assume and assign any lease.

## V.
## Hilco is Disinterested

13. Hilco and certain of its partners and associates may have in the past, may presently and/or may in the future represent creditors of the Debtors in matters unrelated to this case. Hilco has

reviewed the list of the Debtors' 20 largest creditors and known secured creditors, as provided to Hilco by the Debtors, and has represented to the Debtors that Hilco is not currently aware of any relationship that would create a conflict of interest with the Debtors or those parties-in-interest of which the Debtors have made Hilco aware. Hilco has further represented to the Debtors that it will not represent, and that it has not represented, the interest of any such entities in connection with this matter.

14. To the best of the Debtors' knowledge, on information and belief, other than in connection with this case, Hilco has no connection with the Debtors, their creditors, parties in interest or affiliates, or attorneys or special advisors for any of them, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth herein and in the Fredericks Affidavit attached hereto as **Exhibit A**.

15. Based upon the Fredericks Affidavit and the Debtors' knowledge of the Cases thus far, Hilco does not represent or hold any interest adverse to the Debtors, its estates, creditors, equity security holders, or affiliates in the matter upon which Hilco is to be engaged, and is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

16. Hilco has informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Hilco will supplement the Fredericks Affidavit with the Court. Furthermore, Hilco has informed the Debtors that it has not shared or agreed to share any compensation received in connection with these Cases with any entity other than its members, partners or associates in accordance with section 504(b) of the Bankruptcy Code.

WHEREFORE, the Debtors respectfully request that the Court enter an Order (1) approving this Application and authorizing them to employ and retain Hilco Real Estate, LLC to act as real estate advisor to them in these Cases, as requested in this Application, effective as of the Petition Date; and (2) granting them any other relief that is just and proper.

Dated: March 24, 2014
       Plano, Texas

Respectfully submitted,

Buffet G.P., Inc., on behalf of itself and on behalf of Buffet Partners, L.P.

By:    /s/ Barry M. Barron, Sr.
         Barry M. Barron, Sr.
Its:    Chief Executive Officer

## CERTIFICATE OF SERVICE

This is to certify that on March 24, 2014, a copy of the foregoing document was served on the parties registered to receive electronic notification via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, and on those parties listed via U.S. Mail on the Master Service List.

      /s/ John E. Mitchell
       John E. Mitchell