UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 14-30699-11 |
| | § | |
| Buffet Partners, L.P. and | § | |
| Buffet Partners, G.P., Inc., | § | |
| | § | |
| Debtors | § | CHAPTER 11 |

FILED
MAR 2 4 2014
TAWANA C. MARSHALL, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

## MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 USC §362

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Cruz Pulido, Movant in the above-captioned matter, comes before this Court requesting an Order Granting Relief from Automatic Stay. In support thereof, Movant would show the Court as follows:

1. Movant is Plaintiff in a Texas State Court civil proceeding pending in Travis County Court at Law No. 1 with Cause No. C-1-CV-12-004762. Buffet Partners, LP d/b/a Furr's Cafeteria is Defendant in that action.

2. On or about October 1, 2010, Movant/Plaintiff was an invitee on the premises of Debtors/Defendant located at 4015 South Lamar, Austin, Travis County, Texas. Plaintiff was on the premises of Debtors/Defendant as a customer. While dining on Debtors/Defendant's premises, Movant/Plaintiff slipped in water on the floor of the women's restroom that had previously been reported to management; however, Debtors/Defendant, despite its actual notice, failed to cure, remedy or warn of the danger to customers, including Plaintiff herein. Movant/Plaintiff fell to the ground with violent force. As a result of Debtors/Defendant's negligent acts and omissions Movant/Plaintiff sustained harms and losses.

3. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §1334, 11 U.S.C. § 362, and Fed.R.Bankr.P. 4001(a), and all other applicable rules and statutes

affecting the jurisdiction of the Bankruptcy Courts generally.

4. At the time of the incident in question, and at all times material, Movant/Plaintiff believes Debtors/Defendant was self-insured up to $25,000. Movant/Plaintiff further believes that Debtors/Defendant maintained a general liability insurance policy which insured Debtors/Defendant for incidents such as that described above in excess of $25,000.

5. As a direct and proximate result of the negligence of Debtors/Defendant, Movant/Plaintiff suffered and continues to suffer the following damages:

    a. Reasonable medical care and expenses in the past.
    b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;
    c. Past and future physical pain and suffering;
    d. Past and future mental anguish; and
    e. Past and future physical impairment.

6. Movant/Plaintiff's damages described above exceed both the minimum jurisdictional amount of the state court in which she filed her lawsuit, as well as $25,000.

7. Movant/Plaintiff believes Debtors/Defendant carries a policy or policies of insurance which would provide coverage for its liability, if any, in connection with the damages Movant/Plaintiff sustained. Movant/Plaintiff seeks to modify the automatic stay for the limited purpose of continuing suit against Debtors/Defendant to adjudicate Debtors/Defendant's liability in connection with the harms and lossess Movant/Plaintiff sustained.

8. Movant/Plaintiff, as a condition of the requested modification, agrees to limit the extent of Movant/Plaintiff's recovery efforts against Debtors/Defendant to the funds available under any and all insurance policies which may provide coverage for Debtors/Defendant's adjudicated liability, if any.

9. By this Motion, Movant/Plaintiff seeks authority from this Court, to the extent it may be necessary under 11 U.S.C. § 362, to proceed with the state court litigation to judgment to

liquidate Movant's/Plaintiff's claim against the Debtors/Defendant. Movant/Plaintiff also seeks authority, to the extent it may be necessary, to execute, levy, and collect upon such judgment as may be obtained by Movant/Plaintiff in the state court action from Debtors'/Defendant's insurance carrier or carriers, only.

10. Movant/Plaintiff alleges that the Court should lift the automatic stay to permit the continuation of the state court suit since no great prejudice to either Debtors/Defendant or the bankruptcy estate would result from the continuation of the civil action. Additionally, the hardship to Movant/Plaintiff that a continuation of the stay would cause considerably outweighs the hardship caused to the Debtors/Defendant by modification of the stay.

11. Movant/Plaintiff alleges that the imposition of the automatic stay denies her the opportunity to litigate since further time delays will result in the aging of evidence and loss of witnesses.

12. Movant/Plaintiff further alleges that cause exists to lift the automatic stay in order to continue with the state court litigation since a jury trial had been requested, discovery was pending, and all issues are based entirely on state law.

13. Once the stay is terminated, Debtors/Defendant will have minimal motivation to insure, preserve, or protect the collateral; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

WHEREFORE, Movant/Plaintiff respectfully prays for an order modifying the Automatic Stay to permit Movant/Plaintiff to proceed to judgment in the state court lawsuit styled and numbered Cause No. C-1-CV-12-004762, *Cruz Pulido v. Buffet Partners, LP d/b/a Furr's Cafeteria,* now pending in Travis County Court at Law No. 1, Texas and to execute, levy, and collect upon such judgment as Movant/Plaintiff may obtain in the state court action to the extent

of available policies of insurance which provide coverage in such matters, and for any and all other such relief to which the Court finds Movant/Plaintiff justly entitled.

Respectfully submitted,

THE STEWART LAW FIRM, PLLC
3000 South IH 35, Suite 150
Austin, Texas 78704
Phone: (512) 326-3200 | Fax: (512) 326-8228
sws@thestewartlawfirm.net | bw@thestewartlawfirm.net

By: _____
STEPHEN W. STEWART, TSB No. 50511607
S. BURGESS WILLIAMS, TSB No. 24072426
**ATTORNEYS FOR MOVANT/PLAINTIFF**

## NOTICE OF OPPORTUNITY FOR HEARING

NO HEARING WILL BE CONDUCTED ON THIS MOTION FOR RELIEF UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FIFTEEN (15) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH REQUESTS FOR HEARING. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET ANY MATTER FOR HEARING.

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that I or a member of this firm acting on my behalf have sent communication to Debtors counsel at Baker & McKenzie LLP and Matthews, Stein, Shields, Pearce, Knott, Eden & Davis and informed them that this Motion was being filed. After speaking with Debtors' counsel at Baker & McKenzie LLP:

☒ No agreement was reached at this time.
☐ Debtors' attorney advised that this Motion would not be opposed.
☐ Debtors' attorney advised that this Motion would be opposed.

STEPHEN W. STEWART