John E. Mitchell (TX Bar No. 00797095)
Rosa A. Shirley (TX Bar No. 24056313)
BAKER & McKENZIE LLP
Trammell Crow Center
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone:  (214) 978-3000
Facsimile: (214) 978-3099
Email:  john.mitchell@bakermckenzie.com
Email:  rosa.shirley@bakermckenzie.com

*Counsel to the Debtors and Debtors in Possession*

Kevin M. Lippman (TX Bar No. 00784479)
Deborah M. Perry (TX Bar No. 24002755)
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201-6659
Telephone:  (214) 855-7500
Facsimile:  (214) 855-7584
Email: klippman@munsch.com
Email: dperry@munsch.com

and

| | |
|---|---|
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Bradford J. Sandler (DE Bar No. 4142) |
| Pachulski Stang Ziehl & Jones LLP | Pachulski Stang Ziehl & Jones LLP |
| 10100 Santa Monica Blvd., 13th Floor | 919 N. Market Street, 17th Floor |
| Los Angeles, CA 90067 | P.O. Box 8705 |
| Telephone:  (310) 277-6910 | Wilmington, DE  19899-8705 (Courier 19801) |
| Facsimile:  (310) 201-0760 | Telephone:  (302) 652-4100 |
| Email: jpomerantz@pszjlaw.com | Facsimile:  (302) 652-4400 |
| | Email:  bsandler@pszjlaw.com |

*Counsel to the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFET PARTNERS, L.P., et al, | § | Case No. 14-30699-11 |
| | § | |
| Debtors. | § | (Jointly Administered |

**JOINT MOTION OF DEBTORS AND COMMITTEE FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), AND 349 AND FED. R. BANKR. P. 1017(a) (A) DISMISSING THE DEBTORS' CHAPTER 11 CASES *FOLLOWING SALE* AND (B) GRANTING RELATED RELIEF – Page 1**
DOCS_SF:85120.4 11633/002

**JOINT MOTION OF DEBTORS AND COMMITTEE FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), AND 349 AND FED. R. BANKR. P. 1017(a) (A) DISMISSING THE DEBTORS' CHAPTER 11 CASES *FOLLOWING SALE* AND (B) GRANTING RELATED RELIEF**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 24, 2014 AT 9:00 A.M. (PREVAILING CENTRAL TIME) IN COURTROOM 3, 14TH FLOOR, U.S. BANKRUPTCY COURT, NORTHERN DISTRICT OF TEXAS, 1100 COMMERCE STREET, DALLAS, TEXAS 75242**

TO THE HONORABLE HARLIN D. HALE, U.S. BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") and the Official Committee of Unsecured Creditors (the "***Committee***"), by and through their undersigned counsel, submit this motion (the "***Motion***"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 305(a), and 349 of title 11 of the United States Code (the "***Bankruptcy Code***") and rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), (a) dismissing the Debtors' chapter 11 cases (collectively, the "***Chapter 11 Cases***") *following the conclusion of the sale to Chatham Credit Management III, LLC* and (b) granting related relief. In support of the Motion, the Debtors and Committee respectfully state as follows:

## PRELIMINARY STATEMENT[1]

1. ***The Debtors and the Committee do not seek any form of dismissal relief prior to the closing of the sale of the Debtors' assets and operations to Chatham Credit Management III, LLC. This Motion seeks relief solely with respect to winding up the affairs of the Debtors' estates following the sale.***

2. The Debtors commenced these Chapter 11 Cases to effectuate a sale process that would result in the continuation of their business as a going concern for the purpose of locating a

---

[1] Capitalized terms used but not yet defined in the Preliminary Statement are defined herein.

suitable buyer that would purchase substantially all of the Debtors' assets. The sale process undertaken by the Debtors, which began prior to the Petition Date and continued during the Chapter 11 Cases, provided an opportunity for any interested bidders to formally bid for the Debtors' assets or to offer to fund a chapter 11 plan that would satisfy the Debtors' prepetition lenders' claims. The Debtors and the Committee believed that this was the best means to maximize the value of the Debtors' estates.

3. At the conclusion of the sale process, the highest bid was a credit bid submitted by Chatham Credit Management III, LLC (the "**Lenders**" or "**Purchaser**"), the Debtors' prepetition secured lender. As a result of the sale, the Purchaser continues to operate the business as a going concern and employees continue to have jobs. As discussed below, pursuant to the sale, the Purchaser agreed to assume administrative claims and priority claims,[2] acquired the Debtors' avoidance actions and agreed to fund a $500,000 trust for the benefit of general unsecured creditors (the "**GUC Trust Funds**"). The sale is expected to close by Mid-June, 2014.

4. Upon a closing of the sale, the estate will be at a crossroads. The Debtors and the Committee, in consultation with the Lenders, have discussed the most efficient way to conclude these cases, minimize administrative fees, and insure that the GUC Trust Funds are distributed expeditiously and efficiently to general unsecured creditors. After carefully considering all alternatives, the parties have decided that a dismissal is the most effective vehicle to achieve these goals. Confirmation of a plan will take additional time, be more expensive without a

---

[2] The Term Sheet (as defined below) that was approved by the *Order Granting Joint Motion of the Official Committee of Unsecured Creditors and the Debtors for an Order Approving Compromise of Controversies in Accordance with the Term Sheet* [Docket No. 284] provided, among other things, that the purchaser agreed to pay the "(1) allowed claims arising under section 503(b)(9) of the Bankruptcy Code that remain unpaid as of the Closing; (2) allowed claims arising under and the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a et seq. ("PACA") that remain unpaid as of the Closing; (3) trade accounts payable of the Seller to third parties incurred by the Seller in the ordinary course of business after the Petition Date and remain unpaid prior to the Closing; and (4) all allowed priority claims arising under Section 507(a)(4),(5), and (8) of the Bankruptcy Code that remain unpaid as of the Closing . . . ."

concomitant benefit and will cause a material increase in the administrative expenses in these cases. Conversion of these cases will add another layer of administrative expenses and cause unnecessary and undue delay with no corresponding benefit to the creditors of the estates. Other than the disbursement of the GUC Trust Funds to the general unsecured creditors there is nothing left to be done as avoidance actions have been waived and the claims objection process can be best handled by the Committee. As discussed below, a structured dismissal is authorized by precedent and the Bankruptcy Code and makes the most practical sense given the circumstances of these cases.

## JURISDICTION

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief sought herein are sections 105(a), 305(a), and 349 of the Bankruptcy Code and Bankruptcy Rule 1017(a).

## BACKGROUND

**A.  General Background**

7. On February 4, 2014 (the "***Petition Date***"), the Debtors commenced their voluntary cases under chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the Northern District of Texas.

8. On February 11, 2014, the United States Trustee appointed the Committee to represent the interests of all unsecured creditors in these cases pursuant to section 1102 of the Bankruptcy Code. The members of the Committee are: (i) Houlounnn, LLC; (ii) PepsiCo; (iii)

The Richards Group, Inc.; and (iv) Valassis. Michael "Scooter" Heath, a representative of The Richards Group, is the Chairperson of the Committee.

B.   **Cash Collateral and Sale Motions**

9.   On February 4, 2014, the Debtors filed their *Emergency Motion for Interim and Final Orders (I) Authorizing the Use of Cash Collateral Pursuant to Sections 105, 361, 362 and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(B) and (II) Granting Adequate Protection to the Prepetition Secured Lender* [Docket No. 10] (the "**Cash Collateral Motion**").

10.  After the entry of five prior orders granting the Cash Collateral Motion on an interim basis, on May 12, 2014, the Court entered the *Final Order Authorizing Use of Cash Collateral* [Docket No. 365] (the "**Final Cash Collateral Order**").

11.  On March 14, 2014, the Debtors filed the *Expedited Motion for an Order (I) Approving the Procedures for (A) the Sale of Substantially All Assets (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (C) the Establishment of Cure Amounts, (II) Approving Form of Notice and (III) Setting a Hearing Date for the Approval of the Sale* [Docket No. 184] (the "**Sale Motion**").

12.  By the Sale Motion, the Debtors sought and obtained authorization to auction substantially all of their assets and use Chatham Credit Management III, LLC ("**Chatham**") as a stalking horse bidder pursuant to the terms of the asset purchase agreement annexed to the Sale Motion Exhibit A.

13.  On May 12, 2014, the Court entered the Order Approving the Sale of Substantially all Assets and Authorizing the Assumption and Assignment of Certain Executory

Contracts [Docket No. 364] (the "**Sale Order**"). By entry of the Sale Order, the Court approved the sale of substantially all of the Debtors' assets to Chatham Credit Management III, LLC.

C.  **The Settlement and the Term Sheet**

14.  Immediately after the Committee's appointment, the Committee's counsel and financial advisors conducted substantial diligence regarding the following: (a) review of the Debtors' business operations, (b) review of the Secured Lender Parties' liens and claims against the Debtors and estate assets, and (c) review of various restructuring alternatives. As part of their diligence, the Committee's advisors met and conferred with the Debtors' and Secured Lender Parties' advisors. Based on the diligence conducted by the Committee, the Committee determined that a sale and the settlement described in the *Joint Motion with Debtors to Approve Global Settlement Per Term Sheet* [Docket No. 223] (the "**Settlement Motion**") would be the best means to achieve a resolution of the open issues, paying allowed administrative expense claims and allowed priority claims and providing a modest recovery for the holders of valid and allowed general unsecured claims.

15.  The terms of the settlement were set forth in a term sheet (the "**Term Sheet**") annexed to the Settlement Motion. The settlement embodied in the Term Sheet is summarized as follows:[3]

- All assets of the Debtors will be sold to Chatham or a third-party overbidder, pursuant to the terms of the Sale Motion described above, and such sale would be supported by the Committee. The sale of the Debtors' assets will include all causes of action under chapter 5 of the Bankruptcy Code; provided, however, the buyer agrees not to prosecute such claims but only use them as a defense or an offset to any affirmative claims brought against the buyer.

---

[3] The following is a summary of the terms of the Term Sheet and Term Sheet shall control if there is any inconsistency between the summary herein and the Term Sheet.

**JOINT MOTION OF DEBTORS AND COMMITTEE FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), AND 349 AND FED. R. BANKR. P. 1017(a) (A) DISMISSING THE DEBTORS' CHAPTER 11 CASES *FOLLOWING SALE* AND (B) GRANTING RELATED RELIEF – Page 6**
DOCS_SF:85120.4 11633/002

- On the closing date of the sale, the buyer shall transfer $500,000 free and clear of liens and claims into a trust for the benefit of unsecured creditors and the expenses of the trust.

- The buyer assumes all allowed and unpaid administrative expenses as of the closing of the sale (excluding professional fees), including (a) allowed claims under section 503(b)(9) of the Bankruptcy Code, (b) allowed claims under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499a *et seq.*, (c) trade accounts payable by Debtors that remain unpaid as of the closing, and (d) all allowed priority claims arising under sections 507(a)(4), (5), and (8) of the Bankruptcy Code that remain unpaid as of the closing.

- The buyer assumes the Debtors' professionals' unpaid fees and expenses that are incurred prior to the closing of the sale in an amount not to exceed $600,000 and reduced by amounts actually paid prior to closing.

- The aggregate amount of the Committee's fees and expenses are capped at $250,000.

- The Committee agrees to support the entry of the Final Cash Collateral Order.

- The Lenders agree that they shall not receive any distribution on account of their unsecured deficiency claim.

- The Lenders, the Debtors and their estates, and the Committee agree to exchange releases in favor of each other.

16.     On April 16, 2014, the Court approved the Settlement Motion and the Term Sheet by entry of the *Order Granting Joint Motion of the Official Committee of Unsecured Creditors and the Debtors Approving Compromise of Controversies in Accordance with the Term Sheet* [Docket No. 284] (the "**Settlement Order**").

D.     **The Bar Date**

17.     On February 5, 2014, the Court entered the *Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines* (the "**Bar Date Notice**") [Docket No. 29]. Pursuant to the Bar Date Notice, the Court set June 5, 2014 (the "**General Bar Date**") as the deadline for any person or entity, other than governmental units, holding a claim or interest against the Debtors that arose or was deemed to have arisen prior to the Petition Date to file proof of such claim or

interest. Based upon the claims that have been filed with the Court as of the date of this Motion, the Debtor and Committee expect that only a handful of claims objections will be required to be filed in light of the differences between the filed and scheduled claims in comparison to the expected distribution to creditors.

## RELIEF REQUESTED

18. By this Motion, the Debtors and the Committee request entry of an order approving the dismissal of the Chapter 11 Cases, pursuant to section 305(a) of the Bankruptcy Code, upon the certification[4] to this Court that (a) the Committee has completed its claims reconciliation process,[5] (b) all U.S. Trustee fees attributable to the Debtors have been paid in full, (c) the Debtors will disburse the GUC Trust Funds to general unsecured creditors pursuant to a schedule filed with the Court; and (d) the Court has entered orders with respect to final fee applications.

## BASIS FOR RELIEF

**A.  Dismissal Of The Chapter 11 Cases
Is Warranted Under Section 305(a) Of The Bankruptcy Code.**

19. Cause exists to dismiss the Chapter 11 Cases pursuant to section 305(a) of the Bankruptcy Code, which provides that:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
>
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension;

11 U.S.C. § 305(a).

---

[4] The form of certification for all Debtors is attached as **Exhibit B**.

[5] Pursuant to the term sheet signed in accordance with the Committee Settlement, the Committee bears sole responsibility for the claims reconciliation process. [Docket No. 284].

**JOINT MOTION OF DEBTORS AND COMMITTEE FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), AND 349 AND FED. R. BANKR. P. 1017(a) (A) DISMISSING THE DEBTORS' CHAPTER 11 CASES *FOLLOWING SALE* AND (B) GRANTING RELATED RELIEF – Page 8**
DOCS_SF:85120.4 11633/002

20. Dismissal pursuant to section 305(a) is appropriate where the court finds that both creditors and the debtor would be better served by dismissal. *In re AMC Investors, LLC*, 406 B.R. 478, 487-88 (Bankr. D. Del. 2009). Dismissal under this provision is determined on a case-by-case basis and rests in the sound discretion of the bankruptcy court. *In re Sky Group Intern, Inc.*, 108 B.R. 86, 91 (Bankr. W.D. Pa. 1989). Many factors are considered when determining the best interests of creditors and the debtor, including (i) the economy and efficiency of administration, (ii) whether federal proceedings are necessary to reach a just and equitable solution, (iii) whether there is an alternative means of achieving an equitable distribution of assets and (iv) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case. *AMC Investors*, 406 B.R. at 488.

21. As described above, cause exists for dismissal. The Debtors have sold substantially all of their assets and the GUC Trust Funds can most efficiently be distributed through a dismissal as opposed to a plan, which would only serve to increase the administrative expenses and delay recoveries to creditors. With no remaining assets to administer, conversion to chapter 7 would impose additional administrative costs and cause unnecessary and undue delay with no corresponding benefit to the Debtors' creditors or their estates.

22. Finally, notwithstanding section 349 of the Bankruptcy Code, the Debtors and the Committee request that all prior orders of this Court entered in the Chapter 11 Cases shall remain in full force and effect and shall survive the dismissal of the Chapter 11 Cases. Such relief has been granted under similar circumstances as set forth in paragraph 22.

23. Bankruptcy courts have granted requests for dismissals pursuant to section 305(a) in cases with facts similar to the Chapter 11 Cases. *See e.g.*, *In re Coach Am Group Holdings Corp.*, Case No. 12-10010 (KG) (Bankr. D. Del. May 31, 2013) (dismissing case pursuant to

section 305(a)) [Docket No. 1568]; *In re TSIC, Inc. f/k/a Sharper Image Corporation*, Case No. 08-10322 (KG) (Bankr. D. Del. December 27, 2012) (dismissing case pursuant to sections 1112(b) and 305(a)) [Docket No. 2541]; *In re Gas City, Ltd., et al.*, Case No. 10-47879 (ERW) (Bankr. N.D. Ill. Apr. 26, 2012) (dismissing case pursuant to sections 1112(b) and 305(a)) [Docket No. 1307]; *In re G.I. Joe's Holding Corporation and G.I. Joe's, Inc.*, Case No. 09-10713 (Bankr D. Del. Mar. 10, 2011) (dismissing case pursuant to sections 1112(b) and 305(a)) [Docket No. 753]; and *In re KB Toys, Inc.*, Case No. 08-13269 (Bankr. D. Del. Dec. 1, 2009) (dismissing case pursuant to sections 1112(b) and 305(a)).

## CONCLUSION

WHEREFORE, the Debtors and the Committee respectfully request entry of an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated:  May 30, 2014          **MUNSCH HARDT KOPF & HARR, P.C**.
                                          500 N. Akard Street, Suite 3800
                                          Dallas, Texas 75201-6659
                                          Telephone: (214) 855-7500
                                          Facsimile: (214) 855-7584
                                          E-mail:  klippman@munsch.com
                                          E-mail:  dperry@munsch.com

                                          By:     /s/ Deborah M. Perry
                                              Kevin M. Lippman
                                              Texas Bar No. 00784479
                                              Deborah M. Perry
                                              Texas Bar No. 24002755

                                          and

Jeffrey N. Pomerantz (CA Bar No. 143717)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com

Bradford J. Sandler (DE Bar No. 4142)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com

**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**


**BAKER & MCKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email: john.mitchell@bakermckenzie.com
Email: rosa.shirley@bakermckenzie.com

By:   /s/ John E. Mitchell
John E. Mitchell
Texas Bar No. 00797095
Rosa A. Shirley
Texas Bar No. 24056313

**COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

# **EXHIBIT A**

**(Proposed General Dismissal Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFET PARTNERS, L.P., et al, | § | Case No. 14-30699-11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**ORDER GRANTING JOINT MOTION OF DEBTORS AND COMMITTEE FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), AND 349 AND FED. R. BANKR. P. 1017(a) (A) DISMISSING THE DEBTORS' CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "***Motion***")[1] of the above-captioned debtors and debtors in possession (the "***Debtors***") and the Official Committee of Unsecured Creditors seeking entry of an order, pursuant to sections 105(a), 305(a), and 349 of title 11 of the United States Code (the "***Bankruptcy Code***") and rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), dismissing the Debtors' Chapter 11 Cases and granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion and, in accordance with Fed. R. Bankr. P. 2002(a)(4), the hearing on the Motion, having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having considered the Motion, and the arguments of counsel made, and the evidence adduced, at the hearing on the Motion; and it appearing that the legal and factual

---
[1] Capitalized terms not defined herein shall have the meanings used in the Motion.

**ORDER GRANTING JOINT MOTION OF DEBTORS' MOTION AND COMMITTEE FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), AND 349 AND FED. R. BANKR. P. 1017(a) (A) DISMISSING THE DEBTORS' CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF – Page 1**
DOCS_SF:85120.4 11633/002

bases set forth in the Motion constitute just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interests of the Debtors', their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is granted as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3. Each of the Chapter 11 Cases shall be dismissed upon a certification that (a) the Committee has completed its claims reconciliation process,[2] (b) all U.S. Trustee fees attributable to such Debtor have been paid in full, (c) the Debtors will have disbursed funds to general unsecured creditors pursuant to a schedule filed with the Court; and (d) the Court has entered orders with respect to final fee applications.

4. Notwithstanding section 349 of the Bankruptcy Code, all prior Orders of this Court entered in the Chapter 11 Cases shall remain in full force and effect and shall survive the dismissal of the Chapter 11 Cases.

5. Notwithstanding anything contained in their respective organizational documents to the contrary, the Debtors are authorized, but not directed, to take such actions and expend such funds as may be necessary or appropriate to wind up and/or dissolve as corporate entities under applicable state law without the approval of, or any further action by, a board of directors, shareholders or any other party. The authorized representative of the Debtors is hereby

---

[2] Pursuant to the term sheet signed in accordance with the Committee Settlement, the Committee bears sole responsibility for the claims reconciliation process. [Docket No. 284].

**ORDER GRANTING JOINT MOTION OF DEBTORS' MOTION AND COMMITTEE FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), AND 349 AND FED. R. BANKR. P. 1017(a) (A) DISMISSING THE DEBTORS' CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF – Page 2**
DOCS_SF:85120.4 11633/002

authorized to file, as and when such representative determines to do so, with any necessary state entities, a copy of this Order and such other documents as may be necessary to effect such winding up or dissolution.

6. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of the Order shall be immediately effective and enforceable upon its entry, and the Debtors and the Committee shall be, and hereby are, authorized to take such actions as are necessary and appropriate to effectuate the terms of this Order.

7. Notwithstanding the entry of any order dismissing the Chapter 11 Cases of the Debtors, the Court shall retain jurisdiction to review and approve the fees and expenses of the Debtors' and the Committee's professionals.

8. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the interpretation or implementation of this Order and any other order of the Court entered in the Chapter 11 Cases.

# # #

# **EXHIBIT B**

**(Proposed Certification)**

John E. Mitchell (TX Bar No. 00797095)
Rosa A. Shirley (TX Bar No. 24056313)
BAKER & McKENZIE LLP
Trammell Crow Center
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email: john.mitchell@bakermckenzie.com
Email: rosa.shirley@bakermckenzie.com

*Counsel to the Debtors and Debtors in Possession*

Kevin M. Lippman (TX Bar No. 00784479)
Deborah M. Perry (TX Bar No. 24002755)
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: klippman@munsch.com
Email: dperry@munsch.com

and

| | |
|---|---|
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Bradford J. Sandler (DE Bar No. 4142) |
| Pachulski Stang Ziehl & Jones LLP | Pachulski Stang Ziehl & Jones LLP |
| 10100 Santa Monica Blvd., 13th Floor | 919 N. Market Street, 17th Floor |
| Los Angeles, CA 90067 | P.O. Box 8705 |
| Telephone: (310) 277-6910 | Wilmington, DE 19899-8705 (Courier 19801) |
| Facsimile: (310) 201-0760 | Telephone: (302) 652-4100 |
| Email: jpomerantz@pszjlaw.com | Facsimile: (302) 652-4400 |
| | Email: bsandler@pszjlaw.com |

*Counsel to the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUFFET PARTNERS, L.P., et al, | § | Case No. 14-30699-11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

DOCS_SF:85120.4 11633/002

## CERTIFICATION OF COUNSEL AND REQUEST FOR
## ENTRY OF AN ORDER DISMISSING CHAPTER 11 CASES

Pursuant to that *Order Granting Motion For Entry Of An Order Pursuant To 11 U.S.C. §§ 105(a), 305(a), and 349 and Fed. R. Bankr. P. 1017(a) (A) Dismissing The Debtors' Chapter 11 Cases And (B) Granting Related Relief*, entered on _____, 2014 [Docket No. ___] (the "***Approval Order***"), the undersigned counsel for the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") and the Official Committee of Unsecured Creditors (the "***Committee***") hereby certify as follows:

1. On February 4, 2014, the Debtors each commenced a case by filing a petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Texas. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 11, 2014, the United States Trustee for the Northern District of Texas appointed the Committee.

2. The Approval Order, among other things, authorizes the dismissal of the Debtors' Chapter 11 Cases upon certification that (a) the Committee has completed its claims reconciliation process,[1] (b) all U.S. Trustee fees attributable to such Debtor have been paid in full, (c) the Debtors will disburse funds to general unsecured creditors pursuant to a schedule filed with the Court; and (d) the Court has entered orders with respect to final fee applications.

3. The Debtors certify that (a) the Committee has confirmed that the claims reconciliation process with respect to the Debtors is complete, (b) to the best of the Debtors' and Committee's knowledge, all U.S. Trustee fees with respect to the Debtors have been paid, (c) the

---

[1] Pursuant to the term sheet signed in accordance with the Committee Settlement, the Committee bears sole responsibility for the claims reconciliation process. [Docket No. 284].

Debtors will have disbursed funds to general unsecured creditors pursuant to a schedule filed with the Court and (d) the Court has entered orders with respect to final fee applications.

  4.  Accordingly, pursuant to the terms of the Approval Order, it is respectfully requested that the Court enter the Order dismissing the Chapter 11 Cases of the Debtors, a form of which is attached hereto as <u>Exhibit 1</u>, at its earliest convenience.

Dated: _____, 2014

**MUNSCH HARDT KOPF & HARR, P.C**.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail:  klippman@munsch.com
E-mail:  dperry@munsch.com

By: _____
 Kevin M. Lippman, Texas Bar No. 00784479
 Deborah M. Perry, Texas Bar No. 24002755

and

Jeffrey N. Pomerantz (CA Bar No. 143717)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com

Bradford J. Sandler (DE Bar No. 4142)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  bsandler@pszjlaw.com

**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**BAKER & McKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email: john.mitchell@bakermckenzie.com
Email: rosa.shirley@bakermckenzie.com

By: _____
John E. Mitchell, Texas Bar No. 00797095
Rosa A. Shirley, Texas Bar No. 24056313

**COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**