John E. Mitchell, SBT # 00797095
Rosa A. Shirley, SBT # 24056313
**BAKER & McKENZIE LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
Tel:  (214) 978-3000
Fax: (214) 978-3099
Email:  john.mitchell@bakermckenzie.com
Email:  rosa.shirley@bakermckenzie.com

**ATTORNEYS FOR THE DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| BUFFET PARTNERS, L.P., et al. | § CASE NO. 14-30699-11 |
| | § |
| DEBTORS.[1] | § CHAPTER 11 |
| | § |
| | § (Jointly Administered) |

## DEBTORS' EMERGENCY MOTION TO (I) REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY IN CLOVIS, NM, GALLUP, NM, AND TULSA, OK PURSUANT TO 11 U.S.C. § 365 *NUNC PRO TUNC* TO THE EFFECTIVE DATE AND (II) ABANDON PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 554

The Debtors, by and through their undersigned counsel, hereby file this motion (the "Motion") for entry of an order pursuant section 365 of the Bankruptcy Code, seeking to reject the three (3) non-residential real property leases set forth below and more fully described in **Exhibit A** (the "Real Property Leases") and any equipment leases for equipment remaining on the on the premises which are the subject of the Real Property Leases set forth in **Exhibit A**,

*nunc pro tunc* to the date set forth below for each of the Real Property Leases, respectively (the "Effective Date") and to abandon personal property remaining on the on the premises which are the subject of the Real Property Leases on the applicable Effective Date:

| Lessor | Lease Type | Property Location | Effective Date |
|---|---|---|---|
| Parkway Development LLC | Non-Residential Real Property | 200 West 22nd Street, Clovis, NM 88101 | June 11, 2014 |
| Humboldt Rio West, LLC | Non-Residential Real Property | 505 N. US Hwy 491, Gallup, NM 87301 | June 11, 2014 |
| Farm Properties, Inc. | Non-Residential Real Property | 6560 East 51st Street, Tulsa, OK 74145 | June 11, 2014 |

In support thereof, the Debtors would respectfully show the Court as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (O). Venue of these cases is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the relief requested with this Motion are sections 365 and 554 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases are Buffet Partners, L.P. and Buffet G.P., Inc.

## II. BACKGROUND

3. On February 4, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"), thereby commencing these chapter 11 cases (the "Cases"). The Debtors continue in possession of their property and they are operating and managing their business as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

4. A creditors' committee (the "UCC") has been appointed in these chapter 11 cases by the United States Trustee. No trustee or examiner has been appointed in these Chapter 11 cases.

5. The Debtors' chapter 11 cases were consolidated for procedural purposes only and are being jointly administered in this Court as Case No. 14-30699-11 pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

## III. STATEMENT OF FACTS

6. On May 12, 2014, this Court entered the *Order (A) Approving the Sale of Substantially All Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts* [Dkt. No. 364] (the "Sale Order") approving the sale of the Debtors' assets to Chatham Credit Management III, LLC or its designee (the "Purchaser"). The sale of assets to the Purchaser is governed by the Asset Purchase Agreement, filed with the Court on March 28, 2014 [Dkt. No. 233-1] (the "Purchase Agreement") and is also approved in all respects by the Sale Order.

7.       Pursuant to Section 5.12(b) of the Purchase Agreement, the Purchaser has the right to determine in its sole and absolute discretion which executory contracts and unexpired leases will be assumed by the Debtor and assigned to itself as the Purchaser.  The Purchaser has advised the Debtors that it does not intend to take an assignment of the Real Property Leases, and has directed the Debtors not to assume and assign the Real Property Leases to the Purchaser.

8.       Therefore, the Debtors moved quickly to close the three stores subject to the non-residential real property leases located in Clovis, New Mexico (the "Clovis Store"), Gallup, New Mexico (the "Gallup Store") and Tulsa, Oklahoma (the "Tulsa Store") (collectively, the "Stores") prior to any projected closing date of June 11, 2014.  On or before June 11, 2014, the Debtors surrendered each of the premises of the Clovis Store, the Gallup Store and the Tulsa Store in a "broom clean" condition.  Furthermore, any personal property of any value has been removed from the Clovis Store, the Gallup Store and the Tulsa Store.

9.       Accordingly, the Real Property Leases must be rejected as the Purchaser has determined to close the restaurants associated with the Real Property Leases and not take an assignment of the Real Property Leases.  The Stores will all be closed on the applicable Effective Date (as set forth above for each of the Real Property Leases) and the premises surrendered to the respective landlords in "broom clean" condition having removed any and all personal property, including, but not limited to, all perishable and non-perishable food and beverage items.  Accordingly, relief *nunc pro tunc* to the Effective Date for each of the Real Property Leases, respectively, is warranted.

## IV. **RELIEF REQUESTED**

10. Through this Motion and pursuant to sections 365 and 554 of the Bankruptcy Code, the Debtors seek authority to reject, *nunc pro tunc* to the Effective Date, the three (3) unexpired non-residential Real Property Leases and any equipment leases for equipment remaining on the premises of the Stores and to abandon personal property remaining on the premises of the Stores on the applicable Effective Date.

11. In the Debtors' business judgment, rejection of the Real Property Leases is in the best interests of the Debtors' estate and their creditors and should be authorized by this Court because the Real Property Leases have no value if not assumed and assigned to the Purchaser.

12. The Debtors further request that any and all personal property left at the premises of the Stores on the applicable Effective Date be deemed abandoned pursuant to section 554 of the Bankruptcy Code, and that the respective landlord be permitted to dispose of any such personal property in its sole and absolute discretion free of any and all claims, liens, and interests of the Debtors or any other person or entity, and without liability to the Debtors or any other person or entity.

13. The Debtors further request that the Debtors shall pay each respective landlord all rent and charges owed pursuant to the respective Real Property Lease for June 2014 by June 1, 2014 ("June Rent"), and the respective landlord shall be granted and allowed an administrative claim pursuant to § 503(b)(1)(A) of the Bankruptcy Code for post-petition stub rent that accrued with respect to the time period from February 4, 2014 through February 28, 2014 (the "Stub Rent"). Any portion of the June Rent that is paid by the Debtors which relates to time periods (calculated on a per diem basis) occurring after the Effective Date for each of the Real Property

Leases, respectively, shall be applied to the balance of the Stub Rent owed by Debtor. For purposes of illustration, since the Effective Date is June 11, 2014, 19/30 of June Rent paid by the Debtor shall be applied to the Stub Rent. Any unpaid Stub Rent and all post-petition rent and charges that are due pursuant to the terms of the respective Real Property Leases as of the applicable Effective Date shall be paid by the Debtor to the respective landlord on such Effective Date.

## V. BASIS FOR THE RELIEF REQUESTED

14. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. § 365(a).

15. Section 554(b) of the Bankruptcy Code provides, in pertinent part, that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).

16. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and, upon finding that a debtor has exercised its sound business judgment, approve the rejection under Section 365(a) of the Bankruptcy Code. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *see also Group of Inst'l Investors v. Chicago, Milwaukee, St. Paul, & Pacific R.R. Co.*, 318 U.S. 523, 550 (1943); *Official Comm. of Unsecured Creditors of Mirant Corp. v. Potomac Elec. Power Co. (In re Mirant Corp.)*, 378 F.3d 511, 524 n.5 (5th Cir. 2004) ("The rejection decision under § 365 is generally left to the business judgment of the

bankruptcy estate."); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985).

17. Rejection under § 365 is generally intended to enable the debtor to relieve itself and the bankruptcy estate from burdensome and unprofitable contracts in order to preserve and maximize the value of the bankruptcy estate. *Stewart Title Guar. Co. v. Old Republic Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) ("[Section 365] allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." (quoting *In re Murexco Petroleum, Inc.*, 15 F.3d 60,62 (5th Cir. 1994)); *In re Mirant Corp.*, 303 B.R. 319, 330-31 (Bankr. N.D. Tex. 2003) ("There is substantial authority for the proposition that section 365 was intended to allow a trustee or debtor in possession to eliminate burdensome, unprofitable contracts and preserve for the estate's benefit valuable agreements.").

18. In addition, many courts have authorized rejection retroactively to a date prior to the entry of the order authorizing such rejection. *See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos*, 485 F.3d. 602 (2d Cir. 2007) (affirming the bankruptcy court's equitable authority to authorize the retroactive rejection of a nonresidential lease of real property where advance notice is provided); *In re Thinking Mach. Corp. v. Mellon Fin. Servs.*, 67 F.3d 1021, 1028 (1st Cir. 1995) (approving retroactive orders of rejection where the balance of equities favors such relief).

19. In these cases, the Debtors respectfully request that the Court enter an order rejecting the Real Property Leases and any equipment leases for equipment remaining on the premises which are the subject of the Real Property Leases effective as of the applicable Effective Date. The locations are not going to be assumed and assigned to the Purchaser and the Debtors cannot continue to service the obligations under the Real Property Leases. Possession of

the premises of each Store, respectively, has been or will be surrendered to the applicable lessor as of the applicable Effective Date.

20. The Debtors further request that any and all personal property left at the premises of each Store on the applicable Effective Date be deemed abandoned pursuant to section 554 of the Bankruptcy Code, and that the respective landlord be permitted to dispose of any such personal property in its sole and absolute discretion free of any and all claims, liens, and interests of the Debtors or any other person or entity, and without liability to the Debtors or any other person or entity. The Debtors have removed any and all personal property of value and have determined that any personal property remaining on the premises of the Stores is burdensome to the estate and of inconsequential value and benefit to the estate.

21. Accordingly, the Debtors have determined and respectfully submit that rejecting the Real Property Leases and abandoning any personal property left on the premises of the Stores is in the best interests of the Debtors' estates, their creditors and all parties-in-interest in these bankruptcy cases. Furthermore, the Debtors submit that their decision to reject the Real Property Leases and abandon any personal property on the premises of the Stores is in the best interests of the Debtors' estate and creditors.

22. The Debtors seek to reject the Real Property Leases effective as of the applicable Effective Date and request that the Court deem abandoned any personal property on the premises of the Stores. Rejection and abandonment will minimize rejection damage claims and any administrative claims that may be asserted by the non-Debtor party to the Real Property Leases.

## VI. NOTICE

23. Bankruptcy Rules 6006 and 9014 generally require that any proceeding to assume, reject or assign an executory contract or unexpired lease be made only upon motion and on notice to the other party to the contract, the committee appointed under the Code and any other party-in-interest.

24. Notice of this Motion has been given to the Office of the United States Trustee for the Northern District of Texas, the non-Debtor party to each of the respective landlords of the Real Property Leases pursuant to the terms of the Real Property Leases, any known equipment lessors with property located at any of the Stores, counsel to the Purchaser, counsel to the Official Committee of Unsecured Creditors, the parties on the Debtors' proposed Master Service List, and other parties-in-interest who have requested notice.

## VII. CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, (i) granting this Motion; (ii) approving the Debtors' rejection of the Real Property Leases and any equipment leases for equipment remaining on the premises which are the subject of the Real Property Leases as described herein; (iii) approving and deeming abandoned any property left by the Debtors on the premises of the Stores as described herein; and (iv) granting the Debtors such other and further relief as this Court deems just.

| | |
|---|---|
| DATED: June 12, 2014<br>Dallas, Texas | Respectfully submitted,<br><br>BAKER & McKENZIE LLP<br><br>By:  */s/ John E. Mitchell*<br>     John E. Mitchell, SBT # 00797095<br>     Rosa A. Shirley, SBT #24056313<br>     Trammell Crow Center<br>     2001 Ross Avenue, Suite 2300<br>     Dallas, Texas 75201<br>     Tel:  (214) 978-3000<br>     Fax:  (214) 978-3099<br>     Emails:  john.mitchell@bakermckenzie.com<br>              rosa.shirley@bakermckenzie.com<br><br>ATTORNEYS FOR THE DEBTORS |

### **CERTIFICATE OF SERVICE**

This is to certify that on June 13, 2014, a copy of the foregoing document was served on the parties registered to receive electronic notification via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, and on those parties listed on the Debtors' Master Service List.

In addition, the foregoing document was served on those parties identified via overnight mail / courier and email / fax to the addresses set forth in the attached **Exhibit A**.

*/s/ John E. Mitchell*
John E. Mitchell

| | **EXHIBIT A** | | | |
|---|---|---|---|---|
| **Store No.** | **Lessor** | **Lease Type** | **Property Location** | **Notice Address, Facsimile and Email** |
| 128 | Parkway Development LLC | Non-Residential Real Property | 200 West 22nd Street, Clovis, NM 88101 | 5214 68th Street, Suite 408<br>Lubbock, TX 79424<br>Mr. Benny Nixon<br>Telephone 806-798-8000<br>CPS@nts-online.net<br><br>**Equipment Lessors:**<br>Airgas<br>Sherrie Howard<br>800-772-8144 Ext 2163 Work<br>E Mail: Sherrie.Howard@Airgas.com<br><br>Eco Lab on Dish machine<br>Jack Simpson<br>972-232-8651 office<br>817-714-6734 Mobile<br>E Mail: Jack.Simpson@ecolab.com<br>Address:<br>201 E John Carpenter Frwy # 300<br>Irving, Tx 75062<br><br>Pepsi<br>Jennifer Caro<br>303-713-4957  Office<br>720-837-3449  Mobile<br>E Mail:  Jennifer.Caro@pepsico.com<br>Address:<br>4610 S Ulster Street, Suite 200<br>Denver, Colo. 80237 |

**DEBTORS' EMERGENCY MOTION TO (I) REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY IN CLOVIS, NM, GALLUP, NM AND TULSA, OK PURSUANT TO 11 U.S.C. § 365 NUNC PRO TUNC TO THE EFFECTIVE DATE AND (II) ABANDON PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 554 – Page 12**
778670-v2\DALDMS

| **EXHIBIT A** | | | | |
|---|---|---|---|---|
| **Store No.** | **Lessor** | **Lease Type** | **Property Location** | **Notice Address, Facsimile and Email** |
| 228 | Humboldt Rio West, LLC | Non-Residential Real Property | 505 N. US Hwy 491, Gallup, NM 87301 | 1300 West I-40 Frontage Road<br>Gallup, NM 87301<br>Mr. Fred Griffith<br>Telephone 707-834-0666<br>fred.griffith@riowestmall.com<br><br>**Equipment Lessors:**<br>Airgas<br>Sherrie Howard<br>800-772-8144 Ext 2163 Work<br>E Mail: Sherrie.Howard@Airgas.com<br><br>Eco Lab on Dish machine<br>Jack Simpson<br>972-232-8651 office<br>817-714-6734 Mobile<br>E Mail: Jack.Simpson@ecolab.com<br>Address:<br>201 E John Carpenter Frwy # 300<br>Irving, Tx 75062<br><br>Pepsi<br>Jennifer Caro<br>303-713-4957 Office<br>720-837-3449 Mobile<br>E Mail: Jennifer.Caro@pepsico.com<br>Address:<br>4610 S Ulster Street, Suite 200<br>Denver, Colo. 80237 |

**DEBTORS' EMERGENCY MOTION TO (I) REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY IN CLOVIS, NM, GALLUP, NM AND TULSA, OK PURSUANT TO 11 U.S.C. § 365 NUNC PRO TUNC TO THE EFFECTIVE DATE AND (II) ABANDON PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 554 – Page 13**
778670-v2\DALDMS

| \ | \ | \ | \ | \ |
|---|---|---|---|---|
| **EXHIBIT A** | | | | |
| **Store No.** | **Lessor** | **Lease Type** | **Property Location** | **Notice Address, Facsimile and Email** |
| 141 | Farm Properties, Inc. | Non-Residential Real Property | 6560 East 51st Street, Tulsa, OK 74145 | 5321 S. Sheridan Rd., Suite 27<br>Tulsa, OK 74145<br>Ms. Norma Miller, President<br>Telephone 918-622-3860<br>normamilleratfarm@sbcglobal.net<br><br>**Equipment Lessors:**<br>Pepsi<br>Jennifer Caro<br>303-713-4957 Office<br>720-837-3449 Mobile<br>E Mail: Jennifer.Caro@pepsico.com<br>Address:<br>4610 S Ulster Street, Suite 200<br>Denver, Colo. 80237<br><br>Vending machines (national Entertainment Network)<br>Kristine Wihlm<br>877-473-4386 Work<br>Address:<br>325 Interlocken Parkway B<br>Broomfield, Colo 80021 |