Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242
(214) 767-1075

Erin Marie Schmidt, Trial Attorney
TX Bar No. 24033042

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **(Chapter 11)** |
| | § | |
| **BUFFET PARTNERS, L.P., et al.,** | § | **Case No. 14-30699-HDH-11** |
| | § | |
| Debtors. | § | **(Jointly Administered)** |
| | § | |
| | § | **Hearing:  June 24, 2014** |
| | § | |
| | § | **9:00 a.m.** |
| | § | |

**United States Trustee's Objection to Joint Motion of Debtors and Committee for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a), 305(a), and 349 and Fed. R. Bankr. P. 1017(a)(A) Dismissing the Debtors' Chapter 11 Cases Following Sale and (B) Granting Related Relief**

TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 objects to the *Joint Motion of Debtors and Committee for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a), 305(a), and 349 and Fed. R. Bankr. P. 1017(a) (A) Dismissing the Debtors' Chapter 11 Cases Following Sale and (B) Granting Related Relief* [docket no. 402].  The United States Trustee would show:

### Summary

The Bankruptcy Court should deny the motion to dismiss for the following reasons:

First, the proposed dismissal of this case is a structured dismissal, which does not provide

creditors with the rights and notice provided under 11 U.S.C. § 1129.  Second, the Bankruptcy

Code does not provide any statutory authority for such dismissals. Third, the retention of jurisdiction following dismissal may not proper. Fourth, the modified claims reconciliation process ignores possible claims from governmental entities. Converting these cases to chapter 7 maintains the Bankruptcy Code protections and therefore serves the best interests of creditors and the estate. In the alternative, the Court should set deadlines for the filing of a plan and disclosure statement.

**Background**

General Background

1.       Debtors Buffet Partners L.P., Inc. (case no. 14-30699) and Buffet Partners G.P., Inc. (case no. 14-30704) ("Debtors") filed for voluntary chapter 11 relief in the United States Bankruptcy Court for the Northern District of Texas on February 4, 2014.

2.       On February 10, 2014, the bankruptcy court entered its order directing joint administration of both cases under case no. 14-30699. [docket no. 50].

3.       The United States Trustee appointed the official committee of unsecured creditors ("Committee") on February 11, 2014. [docket no. 59].

Motion for Approval of Bid Procedures

4.       On March 14, 2014, the Debtors filed their motion to approve bid procedures for the sale of sale of substantially all their assets to stalking horse bidder and secured lender Chatham Capital Partners ("Chatham"). [docket no. 184].

5.       The Court entered its order approving the proposed bid procedures on March 24, 2014. [docket no. 216].

6.       Because no approved bids were received, Chatham is the successful bidder.

<u>Motion to Approve Compromise</u>

7.　　On March 25, 2014, the *Joint Motion of the Official Committee of Unsecured Creditors and the Debtors for Order Approving Compromise of Controversies in Accordance with the Term Sheet* ("Joint Motion") was filed.  [docket no. 223].

8.　　The Joint Motion settled the Committee's objections both against the proposed sale and Chatham's claims and liens.  [docket no. 223, p. 3, ¶1].

9.　　The Joint Motion incorporated a term sheet which settles issues between the Committee, the Debtors, and Chatham.  [docket no. 223-1].

10.　　The term sheet provided no set exit mechanism from the bankruptcy except that "no exit strategy shall be in any respect inconsistent with, or threaten, hinder, or prevent the implementation of, any terms of this term sheet, the APA, or the Final Cash Collateral Order." [docket no. 223-1, p. 3].  The proposal referenced structured dismissal, conversion, or a confirmed plan as possible exit options. [ docket no. 223-1, p. 7 ]

11.　　On April 16, 2014, the Court overruled the United States Trustee's objection to the Joint Motion and entered an order approving the term sheet.  [docket no. 284].   The term sheet provided for, among other things, the following:

     a.　The sale of substantially all assets to the successful buyer.

     b.　Transfer of $500,000 from the buyer to a trust for the benefit of unsecured creditors.

     c.　Buyer to pay all allowed and unpaid administrative expenses as of the closing of the sale.

    d.   Buyer to assume Debtors' professionals' unpaid fees and expenses in an amount up to $600,000 (minus amounts paid prior to closing)

    e.   Capping of Committee's professionals' fees and expenses at $250,000

    f.   The secured lenders agreed not to receive any distribution on account of any unsecured deficiency claims

    g.   The secured lenders, the Debtors, and the Committee agreed to mutual releases

12.    On May 12, 2014, the Bankruptcy Court entered an order approving the asset sale to Chatham.  [docket no. 364].

13.    The Debtors continue to resolve lease rejection damage claims.

14.    The bar date expires June 5, 2014 for all creditors except governmental units.  [docket no. 29].

15.    The deadline for governmental units to file proofs of claim is August 3, 2014.  *See* L.B.R. 3003-1.

<u>Structured Dismissal</u>

16.    On May 30, 2014, the Debtors and the Committee ("Movants") filed a joint motion seeking a structured dismissal of the cases.  [docket no. 402].  The motion seeks dismissal under 11 U.S.C.  §§ 105(a), 305(a), and 349(a).  The motion does not seek dismissal under 11 U.S.C. § 1112(b).

17.    The motion proposes dismissal of the case upon the Committee certifying  that it has (1) completed the claims reconciliation process; (2) the payment of all United States Trustee fees

owed through closing; (3) the Debtors' disbursement of the $500,000 in trust funds to general unsecured creditors; and (4) entry of orders with respect to final fee applications.

18. The Movants' motion itself does not address retention of jurisdiction. The proposed order provides for the following:

> 7. Notwithstanding the entry of any order dismissing the Chapter 11 Cases of the Debtors, the Court shall retain jurisdiction to review and approve the fees and expenses of the Debtors' and the Committee's professionals.

> 8. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the interpretation or implementation of this Order and any other order of the Court entered in the Chapter 11 Cases.

[docket no. 402, p. 15].

## Argument

### Structured dismissal circumvents Bankruptcy Code protections

19. The Court should deny the Movant's motion for a structured dismissal because it effectuates a settlement outside of a plan of reorganization, thereby amounting "to *sub rosa* plan of reorganization." *Official C'ee of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 354 (5th Cir. 1997). Such settlements "short circuit the requirements of chapter 11 for confirmation of a reorganization plan." *Pension Benefit Guar. Corp. v. Braniff Airways, Inc.* (*In re Braniff Airways, Inc.*), 700 F.2d 935, 940 (5th Cir. 1983). Specifically, the court must determine whether a proposed transaction meets those Chapter 11 plan requirements which protect creditors; these requirements include disclosure, voting, best interests of creditors test, and the absolute priority rule. *Institutional Creditors of*

*Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.*), 780 F.2d 1223, 1226; 1227-1228 (5th Cir. 1986)("[u]ndertaking reorganization piecemeal…should not deny creditors the protection they would receive if the proposals were first raised in the reorganization plan").

20.     The Movants argue that dismissal under 11 U.S.C. § 305(a) would be in the best interests of creditors and the estate.   However, structured dismissal in this instance denies creditors fundamental protections.   In the alternative, conversion to chapter 7 or confirmation of a plan of reorganization does protect creditors in ways that a structured dismissal would not.   In chapter 7, trustees are, among other duties, held accountable for monies received; required to examine proofs of claims and object to the allowance of any claims; and must file a final report and account available to the court and interested parties.   *See* 11 U.S.C. § 704(a)(2), (5), and (9).   A chapter 11 plan process, "pursuant to Code §§ 1109, 1125, 1126, 1128 and 1129, assures creditors and other parties in interest full disclosure, the opportunity to vote on their fates and the protections of a fully noticed confirmation process." *In re Bombay Co., Inc.*, 2007 WL 2826071, *3 (Bankr. N.D. Tex. 2007) (unreported decision.) (in the context of a section 363 sale outside of a plan of reorganization)   *Cf. Pension Benefit Guaranty Corp. v. Braniff Airways, Inc. (In re Braniff Airways, Inc.)*, 700 F.2d 935 (5th Cir. 1983).

Section 105(a) provides no statutory authority for structured dismissal

21.     The Movants cite to 11 U.S.C. §§ 105(a), 305(a), and 349(a) as statutory authority for structured dismissal.   Given that § 305(a) cites only to "dismissal" and not "structured dismissal," and that the additional relief sought by the Movants exceeds the relief contemplated by 11 U.S.C. § 349(a), the Movants are requesting the Court to use § 105(a) to engraft a

structured dismissal option that the Bankruptcy Code does not offer.  Instead, the Bankruptcy Code provides only three ways to exit chapter 11: (1) confirming a plan of reorganization or liquidation under § 1129; (2) converting to chapter of the Code under § 1112(b); and (3) dismissing the case under § 1112(b), without any of the cherry-picked add-ons sought by the Movants.

22.    Section 105(a) gives the bankruptcy court authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Section 105(a) "does not permit [] courts to `act as roving commission[s] to do equity.'" *Id.* (quoting *In re Southmark Corp.,* 49 F.3d 1111, 1116 (5th Cir.1995)).  *See also Pertuso v. Ford Motor Credit Co.,* 233 F3d 417, 423 (6th Cir. 2000)("'provisions of this title' simply denote a set of remedies fixed by Congress.  A court cannot legislate to add to them").

23.    The Movants argue that a structured dismissal avoids the inconveniences of chapter 7, including "additional administrative costs and cause unnecessary and undue delay."  [docket no. 402, ¶ 21].   However, the Supreme Court had noted that the "need for expedition…is not a justification for abandoning proper standards."  *Trailer Ferry Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 450 (1968).  While some bankruptcy courts have occasionally cast aside statutory remedies in favor of equitable remedies that lie outside the language of the Bankruptcy Code, the Supreme Court has held that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."  *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206 (1988).   Convenience does not excuse the exercise of powers outside the scope of the Bankruptcy Code.

Post-dismissal retention of jurisdiction is improper

24. The proposed order attached to the movants' motion specifies that the "Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the interpretation or implementation of this Order and any other order of the Court entered in the Chapter 11 cases." [docket no. 402, p. 15].

25. The Movants do not cite any legal support for this relief but instead insert it into the proposed order. The Movants cannot seek authority to divest the Debtors of its responsibilities of its responsibilities and duty under the Bankruptcy Code while at the same time asking the Court to retain jurisdiction over those matters they have deemed important (e.g., claim resolution and payment of professional fees). A dismissal order that contains a jurisdiction retention provision cannot expand the post-dismissal jurisdiction of a bankruptcy court. *See Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 161 (3rd Cir. 2004)("[I]f a court lacks jurisdiction over a dispute, it cannot create that jurisdiction by simply stating it has jurisdiction in a confirmation or other order"). The Movants do not cite to any statutory support as to support their request for this Court to retain jurisdiction over bankruptcy related matters once the cases are dismissed. *See United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Brass Corp.)*, 301 F.3d 296, 303 (5th Cir. 2002)("The source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy code's jurisdiction is 28 U.S.C. §§ 1334 and 157"). Because the dismissal incorporates settlement terms, the order is more than just enforcement of the Court's order. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 378

(1994)(holding that district court had no jurisdiction to enforce settlement following dismissal of suit).

The modified claims reconciliation process ignores possible claims by governmental entities

26.     Under the proposed dismissal, the Committee would complete a claims reconciliation process.  While the proof of claim bar date for non-governmental units has passed, governmental units have until August 3, 2014 to file their proofs of claims.  Any entry of a dismissal order would have to be delayed until after the passing of this deadline to include distribution of trust funds to any government entities asserting general unsecured claims.

27.     Furthermore, structured dismissal of this case may leave unpaid any governmental claims accorded administrative priority status.  Under the term sheet entered in connection with the bid procedures order, Chatham assumes liability for the payment of any administrative claims.  However, dismissal of this case provides no forum for the Debtors or any other party to investigate and dispute these administrative claims.  Similarly, any administrative claimant – including but not limited to governmental units - may have no recourse against Chatham in the bankruptcy court once the case is dismissed.  *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 378 (1994).

Conversion is warranted

28.     Converting  the cases to chapter 7 is in the best interest of creditors.  Conversion of this case to chapter 7 would provide creditors the protections afforded by the Bankruptcy Code, including the ability of a chapter 7 trustee to investigate and resolve claims and distribute funds in accordance with a final report and account.

29.    In the alternative, the Court should set deadlines for parties to file a liquidating plan of reorganization and disclosure statement.

Dismissal should not be under 11 U.S.C. § 305(a)

30.    Should the Court determine that dismissal is appropriate, the United States Trustee requests that such dismissal be entered under 11 U.S.C. §§ 349(a) and/or 1112(b), and not under 11 U.S.C. § 305(a).

## Conclusion

Wherefore, the United States Trustee requests that the Court

A.  Deny the Motion to Dismiss;

B.  Convert this case to Chapter 7 or, in the alternative, set deadlines for the filing of a plan and disclosure statement;

C.  Grant to the United States Trustee such other and further relief as is just and proper.

Dated: June 19, 2014                          Respectfully Submitted,
                                              WILLIAM T. NEARY
                                              UNITED STATES TRUSTEE

                                              */s/ Erin Marie Schmidt*
                                              Erin Marie Schmidt
                                              Trial Attorney, TX 24033042
                                              Office of the United States Trustee
                                              1100 Commerce St.  Room 976
                                              Dallas, Texas  75242
                                              (214) 767-1075
                                              Erin.Schmidt2@usdoj.gov

<u>Certificate of Service</u>

I certify that I sent copies of the foregoing document on June 19, 2014 to all parties via either ECF or U.S. Mail, first class, postage prepaid, pursuant to the May 16, 2014 master service list [373].

*/s/ Erin Marie Schmidt*
Erin Marie Schmidt