Mark W. Stout
John E. Johnson
PADFIELD & STOUT, L.L.P.
910 The Carnegie
421 W. Third Street
Fort Worth TX 76102
*Counsel to Maxus Capital Group, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BUFFET PARTNERS, L.P., | ) | Case No. 14-30699-hdh11 |
| | ) | |
| Debtor. | ) | Chapter 11 |

## OBJECTION
## OF MAXUS CAPITAL GROUP, LLC
## TO UNSECURED DISTRIBUTION SCHEME
### (ref. docket 660 & 668)

COMES NOW **MAXUS CAPITAL GROUP, LLC** ("Maxus" or "Creditor"), through counsel, and respectfully objects to the CERTIFICATION BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS THAT IT HAS COMPLETED ITS CLAIMS RECONCILIATION PROCESS AND NOTICE OF SCHEDULE OF PROPOSED DISTRIBUTIONS TO UNSECURED CREDITORS [dockets 660, 668] ("Certification") filed by the **OFFICIAL COMMITTEE OF UNSECURED CREDITORS** ("Committee") of **BUFFET PARTNERS, L.P**. ("Debtor"), and shows as follows:

### Procedural

1.     On February 4, 2014 (the "Petition Date"), the Debtor filed a VOLUNTARY PETITION in bankruptcy [docket 1], seeking relief under chapter 11 of title 11, United States Code ("Bankruptcy Code" or "11 U.S.C. §").

P a g e  1 | 5

OBJECTION

2.      On February 11, 2014, the United States Trustee created one committee, the Committee, and no other committees are formed; no Trustee is appointed.

3.      On March 25, 2014, the Committee and the Debtors filed their JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE DEBTORS FOR ORDER APPROVING COMPROMISE OF CONTROVERSIES IN ACCORDANCE WITH THE TERM SHEET [docket 223] (the "Settlement Motion").

4.      The Term Sheet includes the following terms, *vis.*: "[o]n the closing date of the sale (the "Closing Date"), the Buyer shall transfer $500,000 free and clear of liens and claims of any person or entity into a trust (the "Trust") for the benefit of general unsecured creditors and Trust-related expenses."

5.      On April 16, 2014, the Court entered its ORDER GRANTING JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE DEBTORS APPROVING COMPROMISE OF CONTROVERSIES IN ACCORDANCE WITH THE TERM SHEET [docket 284] (the "Settlement Order").

6.      On May 30, 2014, the Debtors and the Committee filed their JOINT MOTION OF DEBTORS AND COMMITTEE FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(A), 305(A), AND 349 AND FED. R. BANKR. P. 1017(A) (A) DISMISSING THE DEBTORS' CHAPTER 11 CASES FOLLOWING SALE AND GRANTING RELATED RELIEF [docket 402] (the "Dismissal Motion").

7.      On July 28, 2014, the Court entered its RULING ON MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASES FOLLOWING SALE AND GRANTING RELATED RELIEF [docket 486] in which the Court granted the Dismissal Motion (the "Ruling").

8.      Thus, per the Ruling:

> [E]ach of the chapter 11 cases will be dismissed upon certification that: (1) the Committee has completed its reconciliation process, (2) all UST fees attributable to the Debtors have been paid in full, (3) the Debtors

> have disbursed funds to general unsecured creditors pursuant to a schedule filed with this court, and (4) this court has entered orders with respect to final fee applications.

Ruling at p. 3

9. Creditor, a lessor of equipment utilized in its San Antonio (retail), Plano (retail), and Lubbock (plant) locations, is listed in Debtor's Schedule D, first continuation sheet, as having three leases, one for the closed San Antonio retail location, one for the Lubbock plant, and one for the Plano retail location. Creditor's master-lease is listed in Schedule G.

10. On February 4, 2014, Debtor filed its *EMERGENCY [FIRST] MOTION TO REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND RELATED EQUIPMENT LEASES PURSUANT TO 11 U.S.C. § 365 NUNC PRO TUNC TO THE PETITION DATE* [docket 9], as amended and supplemented by docket 74. On March 24, 2014, the Court entered its *ORDER GRANTING EMERGENCY [FIRST] MOTION TO REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND RELATED EQUIPMENT LEASES PURSUANT TO 11 U.S.C. § 365 NUNC PRO TUNC TO THE PETITION DATE* ("Rejection Order") [docket 218]. Exhibit A to the Rejection Order states on its page 10 that the Maxus lease, as to equipment at the 7863 S. IH 35, San Antonio (retail) location, was rejected.

11. On June 4, 2014, Creditor timely filed its *PROOF OF CLAIM* for the unsecured amount of $512,555.40, reflecting the rejected lease equipment regarding Schedule 001 (the 7863 S. I.H. 35, San Antonio) (retail) location ("Maxus Claim").

12. Inspection of the Schedule of Proposed Distribution to Unsecured Creditors attached to the Certification neither mentions Maxus nor addresses the Maxus Claim in any way.

13. No party has objected to the Maxus Claim.

## Argument: Denial of Certification as
## Maxus Wrongfully Excluded
## from the Schedule for Distribution

14. Creditor objects to the Certification as it is a *de jure* disallowance of its claim. *See McGee v. O'Connor* (*In re O'Connor*), 153 F.3d 258 (5th Cir. 1998) (properly filed proof of claim is *prima facie* evidence, an objection shifts the burden of production).

15. As no party has objected to the Maxus Claim, the exclusion of the Maxus Claim from the Schedule of Proposed Distribution to Unsecured Creditors renders the Schedule incomplete; the effect of which is that distribution per the current scheme completely ignores Maxus's valid claim.

16. As the Schedule is in error, any intended or unintentional prestidigitation the omission creates should not occur, and the Schedule should NOT be certified.

17. The Maxus Claim should be listed, included, and accorded its *pro rata* distribution from the Trust pursuant to the Settlement Order.

## Prayer for Relief

18. **WHEREFORE, ABOVE PREMISES CONSIDERED**, Maxus respectfully requests that the Court:

    a. Deny the Certification as in error; or, in the alternative,

    b. Grant the Certification with stipulation that Maxus is included for distribution from the Trust; or, in the alternative,

    c. Grant such other and further relief to which NextGear is entitled at law or in equity as this Court may deem just and proper, to which provides substantial justice.

    DATED this the thirty-first day of the month of November, year 2014, in Dallas, Texas.

                       Respectfully submitted,

**PADFIELD & STOUT, LLP**
910 The Carnegie
421 W. Third Street
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610
abp@livepad.com
ms@livepad.com
jjohnson@livepad.com

/s/ *John E. Johnson*
Mark W. Stout
Bar Card (Tex.) 24008096
John E. Johnson, of counsel
Bar Card (Tex.) 24025457

❧               ❦

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Wednesday, December 31, 2014; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **Buffet Partners, L.P.**<br>2701 E. Plano Parkway, Suite 200<br>Plano TX 75074 | **John E. Mitchell, Esq.**<br>**Rosa A. Shirley, Esq.**<br>BAKER & McKENZIE, L.L.P.<br>2300 Trammel Crow Centre<br>2001 Ross Avenue<br>Dallas TX 75201 |
| **United States Trustee**<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242 | **Kevin M. Lippman, Esq.**<br>**Deborah Perry, Esq.**<br>MUNSCH ET AL., P.C.<br>3800 Lincoln Plaza<br>500 N. Akard Street<br>Dallas TX 75201 |

                       ___/s/ *John E. Johnson*_____
                                JOHN E. JOHNSON.